Chuck PENNINGTON and Stacey Sexton *v.*
STATE of Arkansas

91-14                                      807 S.W.2d 660

Supreme Court of Arkansas
Opinion delivered April 29, 1991

*Willie E. Perkins, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellants, Chuck Pennington and Stacey Sexton were charged with others, in the Hot Spring County Circuit Court, with criminal mischief in the first degree, a class C felony. The charges arose from the appellants' alleged participation in the damage to some tombstones in a local cemetery. The police incident report indicated that approximately 30 tombstones had been knocked over, and several broken.

Two of the young men involved were nineteen and twenty years old; as appellants Pennington and Sexton were both seventeen years of age, they, together with another defendant who is not involved in this appeal, elected to file motions to transfer the case to juvenile court, pursuant to Ark. Code Ann. § 9-27-318 (Supp. 1989). The circuit court conducted the hearing required by statute on the appellants' motions and denied the transfers.

From this decision, Pennington and Sexton appeal, contending that the trial court erred in relying solely on the prosecutor's judgment in bringing the case before circuit court, despite its findings favorable to Pennington and Sexton with regard to the factors enumerated in section 9-27-318. We agree and reverse and remand to circuit court.

Section 9-27-318(e) provides that in deciding whether to transfer the case or to retain jurisdiction, the court in which the criminal charges have been filed shall consider the following factors:

    (1)   The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

    (2)   Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation

under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Subsection (f) further provides that the trial court's finding that a juvenile should be tried as an adult must be supported by clear and convincing evidence.

■■ We recently held that the party seeking the transfer has the burden of going forward with the proof to show that a transfer is warranted under the statute. ". . . [H]e only fails if there is clear and convincing countervailing evidence to support a finding that the juvenile should remain in circuit court." *Walker* v. *State*, 304 Ark. 393, 399, 803 S.W.2d 502 (1991). Our standard of review then becomes a question of whether the trial court abused its discretion; that is, whether the decision, based on the evidence presented, was arbitrary or groundless. *Walker* v. *State, supra*; *Looper* v. *Madison Guar. Savings & Loan Ass'n*, 292 Ark. 225, 729 S.W.2d 156 (1987).

In making its determination, the trial court had before it the prosecutor's information, the testimony of both appellants, and the testimony of one witness for the State. The information recites that the appellants "did unlawfully, purposely and without legal justification, destroy or cause damage to thirty (30) tombstones. . .amount of actual damages to said property exceeding $500.00 . . . ." At the hearing, both appellants testified to completing high school through G.E.D. certification. Sexton stated that he had plans to join the navy, and Pennington testified he also had tentative plans to enlist in the military. Neither had any prior arrests or convictions, and both parties expressed a willingness to participate in rehabilitative programs.

In response, the State offered the testimony of Maurice Hendrix, a local resident who had relatives buried in the cemetery and who testified that the damage to the tombstones was emotionally upsetting to his family. Mr. Hendrix stated that the appellants should be tried in circuit court as it was his understanding that they would receive more lenient treatment in juvenile court. Mr. Hendrix conceded he had no knowledge of the

workings of the court system.

Following the testimony and arguments of counsel, the trial court recited its findings of fact, acknowledging that the crime involved was not violent in nature; that the act did not appear to be part of a pattern of past or future criminal activity; that Pennington and Sexton showed no history of problems "other than problems that most kids go through"; and that there was no reason to believe they could not be rehabilitated.

■ The court then continued, however, with these remarks:

. . .[B]ut all these kids, these three kids are seventeen years old. There were two others involved, one nineteen and one twenty. They're all hovering right around the age of adults, either as young adults or almost young adults.' The prosecutor chose to charge these individuals as adults and charged them with felonies rather than with misdemeanors and I'm not going to upset that charge. I'm not going to substitute my judgment in this case for that of the prosecutor. If he wants to proceed with felony charges against these three, well, he certainly may do so. Motion to transfer is denied.

The court correctly considered each of the three factors as required by section 9-27-318 and, in reaching its decision, the circuit court was not required to give equal weight to each factor, nor was the prosecutor required to introduce proof against the juvenile with regard to each factor. *See Hallman* v. *State*, 288 Ark. 448, 706 S.W.2d 381 (1986); *Walker* v. *State, supra.*

■ However, it is obvious, as Pennington and Sexton contend, that despite careful consideration of the statutory factors, the trial court ignored its own findings favorable to them and deferred solely to the prosecutor's judgment in selecting a forum for trial. Such action on the part of the trial court defeats the purpose of the Arkansas Juvenile Code which recognizes the need for careful, case-by-case evaluation when juveniles are charged with criminal offenses. Section 9-27-318 clearly delegates the responsibility for determining which court is most appropriate to the court in which the charges were brought, and the abdication of this responsibility to the prosecutor, in this case, was an abuse of the court's discretion.

■ Once the appellants went forward with their proof to warrant moving the case to juvenile court, the State was required to produce countervailing evidence warranting its retention in circuit court. This was not done. The State introduced no evidence of violence, negative past history or criminal records, or any character traits which would reflect poorly on the appellants' prospects for rehabilitation.

This case does not resemble, in the least, *Walker v. State, supra,* where we held that the felony information, in and of itself, sufficiently highlighted the seriousness and violence involved in the juvenile's first degree murder offense to justify the case's retention in circuit court.

For the foreseeing reasons, we reverse and remand both cases to the trial court for appropriate disposition.

HAYS, J., dissents.