Lonnie Carl BRIGHT *v.* STATE of Arkansas

91-173                                                    819 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Daniel D. Becker* and *Terri Harris*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y

Gen., for appellee.

ROBERT H. DUDLEY, Justice. This is another in the series of cases reviewing whether a circuit court should have retained jurisdiction over a juvenile or should have transferred the case to juvenile court. In this case, the prosecuting attorney filed two (2) felony charges against the appellant in circuit court. The appellant filed a motion seeking to have the charges transferred to juvenile court. The circuit court refused to transfer the cases. The appellant appeals. We affirm the circuit court's ruling.

The applicable statute, Ark. Code Ann. § 9-27-318(e) (Repl. 1991), provides that, in deciding whether to transfer a case, the court in which the charges are pending shall consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts;

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

We have said that a trial court is not required to give equal weight to each factor, nor is the prosecutor required to introduce proof against the juvenile with regard to each factor. *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991).

The crimes charged in this case, burglary and felony theft of property, are not in the most serious category of crimes and did not involve violence against a person, although they did involve violence against property. However, the testimony at the hearing on the motion to transfer showed that the appellant previously had been in trouble, previously had been charged in juvenile court, and previously had been placed on probation by the juvenile court. Obviously, the past actions by the juvenile

court have not prevented a repetitive pattern of offenses. The next step for a juvenile court would be to commit a person such as appellant to an indeterminate period in a youth services center. However, the appellant was seventeen years and seven months old at the time of the crimes, and has now reached his eighteenth birthday. A person who has reached his eighteenth birthday cannot be committed to a youth services center. Ark. Code Ann. §§ 9-27-331(a)(1) and 9-28-209(a)(1) (Supp. 1991). The crimes alleged to have been committed by the appellant, if proven, will show a repetitive pattern of crime by a person over sixteen years of age who is beyond rehabilitation under the programs available to a juvenile court. Such a case fits exactly within Subsection 2 of Ark. Code Ann. § 9-27-318(e) quoted above. Accordingly, we affirm the decision of the circuit court.