Corey Lamont BLEVINS *v.* STATE of Arkansas

91-298                                        826 S.W.2d 265

Supreme Court of Arkansas
Opinion delivered March 16, 1992

*Daniel D. Becker*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This case is another in a series involving transfer of cases between circuit and juvenile court under provisions of our new Juvenile Code. Here, the issue is whether the trial court's finding by clear and convincing evidence that the appellant, Corey Blevins, should be tried as an adult under Ark. Code Ann. § 9-27-318 (Supp. 1991) was clearly erroneous and against the preponderance of the evidence. We find that it was and reverse the judgment of the trial court.

On August 19, 1991, Detective McCoy of the Hot Springs Police Department was on his routine patrol when he observed Blevins and another male sitting on a wall by an apartment complex where each had a quart of beer at his feet. Detective McCoy confirmed that Blevins was sixteen years old, whereupon Blevins started backing away and stated, "Don't come near me."

Detective McCoy observed that Blevins was acting as if he had something in his pocket and requested that Blevins turn out his pockets. Blevins pulled his right hand out of his pocket and threw a small package on the ground. Detective McCoy retrieved the package, which contained what appeared to be fifteen rocks of crack cocaine.

Blevins was placed in custody and charged with possession of a controlled substance with intent to deliver. An information was filed against Blevins in Garland County Circuit Court on August 20, 1991. Blevins subsequently filed a motion to transfer the case to Juvenile Court, and a hearing was conducted in accordance

with section 9-27-318. The trial court denied Blevins's motion to transfer, which ruling Blevins argues on appeal was clearly erroneous and against the preponderance of the evidence.

Section 9-27-318 addresses waiver and transfer to circuit court and provides in pertinent part as follows:

\*         \*         \*         \*

(c)     When a case involves a juvenile age sixteen (16) years or above at the time the alleged delinquent act occurred and the alleged act would constitute a felony if committed by an adult, the prosecuting attorney has the discretion to file a petition in juvenile court alleging delinquency or to file charges in circuit court and to prosecute as an adult.

(d)     Upon the motion of the court or of any party, the judge of the court in which a delinquency petition or criminal charges have been filed shall conduct a hearing to determine whether to retain jurisdiction or to transfer the case to another court having jurisdiction.

(e)     In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:

(1)     The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2)     Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3)     The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(f)     Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

In *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied*, 304 Ark. 402-A, 805 S.W.2d 80 (1991), a case where we affirmed the trial court's denial of a criminal defendant's request to transfer to juvenile court based on an information charging the defendant with murder in the first degree by use of a firearm, we examined section 9-27-318 in light of our prior statutes and case law, concluding that 1) a moving party has the burden of going forward with proof to show that he meets the criteria of the statute to warrant transfer, 2) the trial court need not give equal weight to each factor in juvenile transfer cases, and 3) proof need not be introduced by the prosecutor against the juvenile on each factor. In addition, we held that a criminal information may provide a sufficient basis for a trail court's decision noting, however, that "[t]his does not mean that the mere filing of an information will qualify as sufficient evidence in every instance. Allegations in the information will vary based on the offense charged as will the positive factors presented at hearing in support of the transfer."

In *Walker*, we observed on more than one occasion that the trial court found that the seriousness of the crime *and* the violence attached to it as set out in the criminal information outweighed the other relevant factors in making its decision to retain jurisdiction. Unlike *Walker*, the facts of this case are underpinned with the claim of seriousness alone; Blevins presented testimony, at the hearing on his motion, that he was sixteen years old at the time of the incident, he had no prior record, he regularly attended high school, his grades were C's and D's, and he had previously participated in the high school's athletic program. Blevin's mother also testified that her son lived at home and that she had had no discipline problems with him.

The trial court found there was countervailing evidence that was clear and convincing to deny Blevin's motion to transfer and reasoned that "[t]his is not only a serious offense, it's a very serious offense. . . . I'm going to consider the affidavit. Let's just assume it was fifteen rocks of cocaine and I'll take the affidavit for its face value then. So, again that, to me, is a weighted factor against transfer." Other than the information against Blevins, the trial court was not presented with *any* opposing evidence relating to the other factors to be considered in accordance with section 9-27-318.

In *Walker* v. *State, supra,* we reaffirmed our holding in *Evans* v. *State,* 287 Ark. 136, 697 S.W.2d 879 (1985), that, although preferable, there was no statutory duty for the trial court to make findings of fact supporting its decision or to cite a specific rationale for refusing the transfer. Here, however, it would have been most helpful to our analysis for the trial court to have enunciated its rationale; consequently, we can only deduce from the record that the trial court apparently found that the seriousness of the crime outweighed the other factors that were proven by Blevins at his hearing, such as the non-employment of violence in the commission of the alleged offense, the lack of a repetitive pattern of adjudicated offenses, and his positive character traits.

■ We do not agree and, in light of the facts of this case, find the trial court's decision that Blevins should be tried as an adult to be clearly erroneous and against the preponderance of the evidence. To hold otherwise would be to allow the trial court to simply categorize all felonies as serious, which they are, and utilize this reason alone to retain jurisdiction rather than transfer the case based on consideration of all of the statutory factors.

Reversed.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. This case involves the arrest of a sixteen-year-old youth, who had fifteen rocks of what appeared to be crack cocaine in his possession.[1] The trial judge found that the appellant was engaged in a "very serious offense" which he considered to be a "very weighted factor against transfer." The majority now reverses that decision, apparently on the basis that the seriousness of the offense, standing alone, is not sufficient to warrant trying a youth as an adult. I disagree.

The Juvenile Transfer Act provides that the trial judge only consider certain factors and then make a decision:

(e)  In making the decision to retain jurisdiction or

---

[1] The appellant now is seventeen and the juvenile court typically has jurisdiction of a juvenile until age eighteen. Ark. Code Ann. § 9-27-303(1) (1987).

to transfer the case, the court *shall consider the following factors*:

(1)   The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2)   Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3)   The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(4)   Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

Ark. Code Ann. § 9-27-318 (Supp. 1991). (Emphasis added.)

In past decisions, we have not divested the trial judge of the decision-making function simply because the judge emphasized one factor over the other factors listed in the statute. On the contrary, we have held that the judge need not give equal weight to each factor and that proof of each factor was not required. *Smith* v. *State*, 307 Ark. 223, 818 S.W.2d 945 (1991); *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991); *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991); *reh. denied*, 304 Ark. 402A, 805 S.W.2d 80 (1991). By its decision today, the majority alters this precedent and diminishes a trial judge's authority to retain jurisdiction due to the seriousness of the offense.

The majority states that part of its reasoning for reversal is that violence was not employed in the crime charged. Violence is only one of the factors to be considered, and it is safe to assume that the violence contemplated in Ark. Code Ann. § 9-27-318(e)(1) (Supp. 1991) is violence against a person. Nowhere is it stated in the statute that a serious crime must entail an act of violence for the trial judge to retain jurisdiction. In fact, the

statute clearly enumerates "seriousness" and "violence" as separate factors to be considered.

We have not required that violence be an absolute condition for denial of juvenile transfers denied in previous cases. *See, e.g., Bright* v. *State*, 307 Ark. 250, 819 S.W.2d 7 (1991) burglary and felony theft of property. In *Bright*, we said, "The crimes charged in this case, burglary and felony theft of property, are not in the most serious category of crimes and did not involve violence against a person, although they did involve violence against property." 307 Ark. 251, 819 S.W.2d at 8. We further considered a case without violence where the crime involved was criminal mischief in the first degree and the damage to property was the knocking over of approximately 30 tombstones. *See Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991). We reversed for reasons other than the absence of violent behavior.

For the first time, the majority questions a trial judge's denial of transfer because of the seriousness of the crime. This decision changes the juvenile transfer language considerably. Henceforth, trial judges may not retain jurisdiction unless violence is involved, even though the judge may well have considered all statutory factors and found that the high degree of seriousness — here, significant drug dealing — controlled the decision. Such an interpretation goes well beyond the statutory terms in § 9-27-318(e).

In my opinion, juvenile transfer matters are best left to the trial judges to determine in light of the statutory criteria, and we should only reverse when the findings are clearly erroneous. There is nothing in the record to suggest that the trial judge did not consider all of the statutory factors in this case. The only testimony offsetting the seriousness factor came from the appellant himself and his mother, where the obvious lack of objectivity warrants no further comment.

The majority states that there is a danger that the trial judges will simply look to seriousness, disregard the other factors, and retain jurisdiction. That did not occur in this case and this particular fear, in my judgment, is ill-founded. By holding as the majority does, it has substituted its preference for one statutory factor — violence — over the others. This is contrary to what the statute requires. The trial judges are in an eminently better

position to weigh the statutory factors and make an accurate determination than the appellate courts. I would affirm.