Albert BELL *v.* STATE of Arkansas

94-123                                    877 S.W.2d 579

Supreme Court of Arkansas
Opinion delivered June 13, 1994

*Green & Henry*, by: *J.W. Green*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This interlocutory appeal arises from the Arkansas County Circuit Court's denial of appellant Albert Bell's motion to transfer capital felony murder charges

against him to juvenile court. Bell was sixteen years old at the time of the offenses. The sole issue on appeal is whether the trial court's denial of his motion was erroneous. We hold that it was not and affirm.

According to statements given to the police, Bell and Terry Sims went to Cloud's Grocery Store in Casscoe, Arkansas, and Sims returned a movie while Bell asked employee Julian Russell if he had any fuses. While Mr. Russell was looking for fuses, Sims shot him approximately five times. Another employee, Ms. Mary Lou Jones, began screaming, and after Bell got the money from the register, Sims shot Ms. Jones twice. Bell and Sims went to Sims' car and drove to a friend's house.

An information was filed with the Arkansas County Circuit Court charging Bell with the capital murders of Mr. Russell and Ms. Jones. Thereafter, Bell, by his court-appointed attorney, filed a motion with the circuit court to transfer his case to juvenile court. The trial judge held a hearing and denied relief, explaining that he had reached this conclusion after applying the criteria set forth in Ark. Code Ann. § 9-27-318 to the facts of Bell's situation.

Bell contends that the circuit court erred asserting that the criteria provided in Ark. Code Ann. § 9-27-318 (Repl. 1993) had not been met, especially in light of the fact that there is no evidence that he participated in a violent act. However, Bell's contention is not supported by the law or evidence presented at the hearing. Juvenile transfer matters are governed in part by Arkansas Code Annotated § 9-27-318(e–f), which enumerates these factors:

(e) (1)   The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2)   Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3)   The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's

prospects for rehabilitation.

(f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

In deciding whether to transfer a case from circuit to juvenile court, the trial court is not required to give every factor equal weight, and proof on every factor need not be introduced in order to warrant keeping a case in circuit court. *Tucker* v. *State*, 313 Ark. 624, 855 S.W.2d 948 (1993); *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992). If a court decides that a juvenile should be tried as an adult, its decision must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f) (Repl. 1993). Our standard of review in juvenile transfer cases is whether the circuit court's denial of the motion to transfer was clearly erroneous. *Beck* v. *State*, 317 Ark. 154, 876 S.W.2d 561 (1994); *Vickers* v. *State*, 307 Ark. 298, 819 S.W.2d 13 (1991).

Bell testified and called three witnesses in his behalf. Bell affirmed his age and his attendance at high school. Dr. Monneypenny, a psychologist, stated that despite Bell's previous involvement in livestock theft, he thought that "in comparison with most of the offenders I have evaluated . . . this does not constitute what I would consider a repetitive pattern [of criminal behavior] by any means." He opined that Bell "qualified for rehabilitation."

John McCord, an investigator with the Arkansas State Police, testified for the defense as a hostile witness. He investigated the double homicide at Cloud's Grocery and stated that the two victims died of gunshot wounds. He acknowledged that the evidence did not show that Bell had discharged a weapon in the deaths; however, he noted that his information suggested that Bell had acted as a decoy to lure one of the victims away from the cash register during the course of the robbery. McCord's review of evidence connecting Bell to the double homicide, included that: (1) Bell told investigators where to retrieve the murder weapon; (2) Bell pulled money out of the register at Cloud's; and (3) Sims' statement implicating Bell in the crime. Further, according to McCord, Bell's credibility was diminished by his statements to the police regarding his participation which proved to be false.

The defense also called Arkansas County Sheriff Wayne Simpson, who testified that Bell had not caused any disciplinary problems while incarcerated at the Arkansas County Jail.

In partial response, the State submitted an evaluation of Bell from Arkansas Division of Mental Health Services which provided that at the time of the offense, Bell did not lack the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law and that Bell had the capacity to have the culpable mental state to commit the offenses charged.

■ Bell's main contention is that the circuit court erred because the State failed to show any violent act by him. While it is true that there was no proof that he pulled the trigger, this does not alter the fact that he is charged as an accomplice for his involvement in these murders. An accomplice, even of minor age, is responsible for the activities of his cohort. *See Ashing* v. *State*, 288 Ark. 75, 702 S.W.2d 20 (1986).

■ Further, we have held that the serious and violent nature of the offense is itself a sufficient reason to deny a motion to transfer. *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993). A criminal information is sufficient to establish that the offense charged is of a serious and violent nature. *Tucker, supra; Vickers, supra.* Here, the information supports the violent nature of the crimes in which Bell is accused of participating, for it provides:

> The said defendant on or about the 15th day December, did then and there, unlawfully,

> Acting alone or with one or more persons, he commits or attempts to commit Robbery and in the course of and in furtherance of the felony, he or an accomplice caused the death of [Julian Russell and Mary Lou Jones] under circumstances manifesting extreme indifference to the value of human life. . . .

■ On the basis of the evidence presented at the hearing, we cannot say that the trial court erroneously denied Bell's motion to transfer.

As previously mentioned, the trial judge made the general statement that he reached his decision after applying the criteria set forth in Ark. Code Ann. § 9-27-318 to the facts of Bell's case.

We note that even though the trial judge was not required to make specific findings of fact when reaching his decision, to have done so would have been most helpful to this court in determining whether or not his decision was clearly erroneous. *See Beck, supra.*

Affirmed.