Anthony Russell McGAUGHY *v.* STATE of Arkansas

94-1224 906 S.W.2d 671

Supreme Court of Arkansas
Opinion delivered September 18, 1995

538

Matthews, Campbell & Rhoads, P.A., by: David R. Matthews and Edwin N. McClure, for appellant.

Winston Bryant, Att'y Gen., by: David R. Raupp, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Anthony Russell McGaughy, appeals the order of the Benton County Circuit Court denying his motion to transfer the charges against him to juvenile court. This interlocutory appeal is permitted by statute, Ark. Code Ann. § 9-27-318 (Repl. 1993), and jurisdiction is properly in this court. Ark. Sup. Ct. R. 1-2(a)(12). We find no error in the circuit court's order denying the transfer and affirm.

Appellant was charged in circuit court by information with some fourteen or fifteen crimes ranging from misdemeanor theft to felony aggravated robbery. The information alleged appellant and two juvenile accomplices engaged in a crime spree beginning on December 10, 1993, and continuing until January 4, 1994, in the course of which they armed themselves with a knife or pellet gun resembling an automatic pistol, approached victims in their vehicles, and stole their purses, money, and other personal property. Appellant and his accomplices ended their crime spree by fleeing from law enforcement officers and engaging in a high-speed vehicle chase followed by a foot chase. Thereafter, appellant turned himself in to law enforcement authorities. Appellant was born on March 21, 1976. He was therefore aged seventeen years when the alleged crimes occurred.

In its order, the trial court found that appellant was charged with fourteen crimes, many of which involved the use of violence or intrusion into the sanctity of the home or appurtenances

thereto. The order further stated that appellant had no history of adjudicated offenses and that rehabilitation in the juvenile system was improbable given appellant's degree of mental maturity and his then-current age of eighteen years, which prevented him from being committed to the youth services center. *See Bright* v. *State*, 307 Ark. 250, 819 S.W.2d 7 (1991).

The first of appellant's two arguments for reversal is that the trial court did not consider all of the factors enumerated in section 9-27-318(e) in reaching its decision to retain jurisdiction of his case. Specifically, appellant contends the trial court erroneously concluded the crimes charged, although serious offenses, involved the use of violence and failed to consider the remaining statutory factors. To support this contention, appellant relies on *Johnson* v. *State*, 307 Ark. 525, 823 S.W.2d 440 (1992), and *Bright*, 307 Ark. 250, 819 S.W.2d 7, for the proposition that aggravated robbery may be committed without the use of actual violence.

Initially, we note that appellant's reliance on *Johnson* and *Bright* is misplaced. *Johnson* merely acknowledged, after comparing aggravated robbery to murder, that the crime of aggravated robbery could possibly be committed without the actual use of violence. As discussed below, however, the actual use of violence was present in the instant robberies and aggravated robberies. *Bright* did not involve aggravated robbery; rather, it involved burglary and felony theft of property, crimes which this court stated involved the use of violence against property, though not against persons. Both *Johnson* and *Bright* were cases in which the circuit courts denied transfers to juvenile courts and we affirmed both decisions.

In deciding whether to transfer a case to juvenile court, the factors to be considered by the circuit court are "the seriousness of the alleged offense, whether violence was involved, and whether the alleged offense is part of a pattern of adjudicated offenses, along with the prior history, character traits, mental maturity, and any other factors that reflect upon the juvenile's prospects for rehabilitation." *Myers* v. *State*, 317 Ark. 70, 72, 876 S.W.2d 246, 248 (1994) (citing section 9-27-318(e)). A trial court is not required to give equal weight to each factor, nor is proof required to be presented with regard to each factor. *Pen-*

*nington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991). We will not reverse a decision on a motion to transfer unless it is clearly erroneous. *Myers*, 317 Ark. 70, 876 S.W.2d 246.

■ According to the criminal information, appellant was an accomplice to two aggravated robberies and two burglaries, all involving situations where appellant's accomplices wore ski masks, were armed with deadly weapons or weapons that appeared to be deadly, and demanded money from victims while in their vehicles, at least one of which was inside a garage. The information also alleged that appellant acted as principal in four additional felonies, one of which was a robbery whereby appellant wore a ski mask and attempted to take the victim's purse by force. While the testimony indicated appellant may not have obtained the purse, this court has held that a criminal information may provide a sufficient basis for a trial court's decision on a transfer motion. *Blevins* v. *State*, 308 Ark. 613, 826 S.W.2d 265 (1992) (citing *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied*, 304 Ark. 402-A, 805 S.W.2d 80 (1991)). Again, we note that the trial court need not give equal weight to each statutory factor. *Pennington*, 305 Ark. 312, 807 S.W.2d 660.

■ In this case, the trial court did not err in concluding the aggravated robberies were serious offenses involving the use of violence. It is obvious that violence is used when one wears a ski mask and takes money by force from a victim. Nor did the trial court fail to consider the other statutory factors. The order clearly recognized that appellant had no history of adjudicated offenses. The order also clearly stated that appellant's prospects for rehabilitation were improbable given his age and the corresponding lack of a juvenile court's ability to enforce any punishment. This court has considered a defendant's age and corresponding lack of ability to be committed under juvenile jurisdiction an important factor supporting the denial of a transfer to juvenile court. *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992). Although there was countervailing evidence of appellant's prospects for rehabilitation from numerous witnesses, including appellant's probation officer, his high school principal and superintendent, the mother of one of his friends, his pastor, and his mother, we cannot say the circuit court was clearly erroneous in retaining jurisdiction since it is not required to give equal weight to each factor.

 As his second argument for reversal, appellant contends the trial court erred in considering factors other than those enumerated in section 9-27-318(e). Appellant contends the trial court erred in considering appellant's demeanor in the courtroom during the hearing on the motion to transfer. Appellant makes no convincing argument that a defendant's demeanor at the transfer hearing is not within the factors enumerated in section 9-27-318(e). To the contrary, we conclude a defendant's demeanor at the transfer hearing is relevant to the factor of character traits indicating a juvenile's prospects for rehabilitation. *See* section 9-27-318(e)(3). We cannot say the trial court was clearly erroneous in observing appellant's demeanor in the courtroom during the transfer hearing.

We find no error in the order denying the transfer and affirm.