Jared Benjamin KINDLE *v.* STATE of Arkansas

96-431                                    931 S.W.2d 117

Supreme Court of Arkansas
Opinion delivered October 21, 1996

*Tim Buckley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. This is another interlocutory appeal from an order denying a motion to transfer a case to juvenile court. Jared Benjamin Kindle was charged in circuit court with aggravated robbery and attempted capital murder. He was sixteen years old at the time of the offense. At the hearing on his motion to transfer, he presented evidence from a psychiatrist, an assistant principal, two teachers, and his grandmother and grandfather. The testimony showed that he made good grades and was well behaved at home and in school. The psychiatrist testified that Kindle has attention deficit disorder, which gives him low frustration tolerance, impulsiveness, an active fantasy life, and poor judgment.

The victim of the aggravated robbery testified that Kindle held a loaded pistol to his head and tried to pull the trigger. Kindle confessed that he held the pistol on the victim, that he had planned the robbery for about a week, and that he waited until all the customers left the store before he attempted the robbery. He denied attempting to pull the trigger.

In its ruling, the trial court recognized that there were a number of factors mitigating in favor of transfer, including the possibility of rehabilitation, but indicated that the seriousness of the offense and the fact that Kindle planned the robbery for a considerable period of time outweighed the mitigating factors. The trial court denied the motion.

Kindle argues that the trial court's decision to deny the transfer was clearly erroneous. The applicable parts of the juvenile code and our interpretations of the code are as follows. A prosecutor has the discretion to file charges in circuit court when the case involves a juvenile sixteen years of age and the alleged act constitutes aggravated robbery and attempted capital murder. Ark. Code Ann. § 9-27-318(b)(2)(J) (Supp. 1995). A defendant seeking a transfer has the burden of proof to show that, under the factors delineated in section 9-27-318(e), a transfer is warranted. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995). If the defendant meets the burden, then the transfer is made unless there is clear and convincing countervailing evidence that he should remain in circuit court. *Bradley* v. *State*, 306 Ark. 621, 623, 816 S.W.2d 605, 606 (1991); Ark. Code Ann. § 9-27-318(f) (Supp. 1995). Clear and convincing evidence is that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Holmes* v. *State*, 322 Ark. 574, 911 S.W.2d 256 (1995). We will not

reverse a decision on a motion to transfer unless it is clearly erroneous. *McGaughy* v. *State*, 321 Ark. 537, 906 S.W.2d 671 (1995). In reviewing a denial of a motion to transfer, the appellate court views the facts in light most favorable to the State. *Wicker* v. *State*, 310 Ark. 580, 839 S.W.2d 186 (1992).

■ The factors to be considered in deciding whether to transfer a case to juvenile court are the seriousness of the offenses, along with the prior history, character traits, mental maturity, and any other factors that reflect upon the juvenile's prospects for rehabilitation. *Myers* v. *State*, 317 Ark. 70, 72, 872 S.W.2d 246, 248 (1994); Ark. Code Ann. § 9-27-318(e). A trial court is not required to give equal weight to each factor, nor is proof required to be presented with regard to each factor. *Pennington* v. *State*, 305 Ark. 312, 807 S.W.2d 660 (1991). We have held that the serious and violent nature of the crimes with which a juvenile is charged is an adequate reason to deny a motion to transfer, without regard to the evidence of other factors. *Bell* v. *State*, 317 Ark. 289, 877 S.W.2d 579 (1994).

■ Here, there was testimony that Kindle held a pistol to the victim's head and that he attempted to pull the trigger. These facts are aligned with those in cases in which we have held that sufficient violence was employed so as to uphold the denial of the transfer to juvenile court. *See, e.g., Butler* v. *State*, 324 Ark. 476, 922 S.W.2d 685 (1996) (holding that use of shotgun in robberies "made use of" violence); *Cole* v. *State*, 323 Ark. 8, 913 S.W.2d 255 (1996) (holding that use of pistol at school to intimidate a student employed violence). Accordingly, we cannot say that the trial court's ruling was clearly erroneous.

Affirmed.

ROAF, J., dissents. See dissenting opinion of Justice Roaf in *Butler* v. *State*, 324 Ark. 476, 922 S.W.2d 685 (1996).