931 S.W.2d 438 (1996)
326 Ark. 515
Kristy MADDOX, Appellant,
v.
STATE of Arkansas, Appellee,
No. 96-552.
Supreme Court of Arkansas.
November 4, 1996.
*439 Jerome J. Paddock, Fayetteville, for appellant.
Vada Berger, Asst. Attorney General, Little Rock, for appellee.
BROWN, Justice.
This is a juvenile-transfer case. On October 16, 1995, an information was filed charging appellant Kristy Maddox with criminal mischief in the first degree, a Class C felony. She was accused of intentionally throwing a Mountain Dew bottle from a moving vehicle and striking the victim's automobile, causing damage in excess of $500. Maddox, who was 17 years old at the time of the alleged incident, and who turned 18 on February 4, 1996, moved to have the charge transferred to juvenile court. Her motion was denied. She now appeals that denial.
Only two witnesses testified at the juvenile-transfer hearing. Pamela Maddox, the appellant's mother, related to the court that at the time of the hearing, Maddox was living with her and assisting around the house by doing chores and taking care of her younger siblings. She testified that Maddox was not currently in high school, but that she was working on her G.E.D. and planned to attend college in the Fall. She stated that she had a good relationship with her daughter, but that she did have to call the police on one occasion for an undisclosed "family disturbance." She and the prosecutor agreed that Maddox had no prior criminal history.
Sherry Lynn Kinnamon, the victim, was called as a witness by the prosecution. She testified that on April 20, 1995, she was *440 driving her grandparents from Huntsville to the VA Hospital in Fayetteville when she noticed a red pick-up truck following very closely behind her. She stated that she tapped her brakes a few times to get the driver's attention and slowed so that the truck could pass, but that the driver would not do so. Even when given a straight stretch of road with no cars approaching, the driver of the truck would not pass her. She explained that the driver instead pulled alongside her car several times, and that the driver and two passengers would simply look at her, then drop back behind her car, where they made obscene gestures. She stated that she slowed her car to two-miles-an-hour so that the truck would pass, but that it again would not. Finally, she accelerated, and the truck pulled alongside her car. Maddox hung out of the window on the passenger's side of the truck, held by her belt loops. She was holding a full glass bottle of Mountain Dew, and she and the other occupants of the truck were yelling obscenities at Kinnamon. Kinnamon testified that Maddox then intentionally threw the glass bottle at her car. It dented the front of the hood and cracked the windshield. Kinnamon said that after she regained her composure, she pursued the truck and got its license plate number. No one was injured, but she estimated that the damage to her car was about $800.
The trial court denied the motion to transfer after determining that Maddox's intentional throwing of the Mountain Dew bottle at Kinnamon's car was not only a serious act but a violent one. The court emphasized the harassing nature of the episode and referred to an incident in Oklahoma where a person was killed because an object had been thrown at his vehicle. The court noted that Maddox had no prior criminal record and mentioned that there had been no evidence introduced, one way or the other, with regard to her prospects for rehabilitation.
Maddox claims in her appeal that the trial court clearly erred in retaining jurisdiction of this matter. The Arkansas Juvenile Code provides that the circuit court shall consider the following factors in determining whether to retain jurisdiction or transfer a case to juvenile court:
1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and
3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.
Ark.Code Ann. § 9-27-318(e) (Supp.1995). The decision to retain jurisdiction must be supported by clear and convincing evidence. Ark.Code Ann. § 9-27-318(f) (Supp.1995). In making its decision, the trial court need not give equal weight to each of the statutory factors. Green v. State, 323 Ark. 635, 916 S.W.2d 756 (1996); Ring v. State, 320 Ark. 128, 894 S.W.2d 944 (1995). Furthermore, the trial court's denial of a motion to transfer will be reversed only if its ruling was clearly erroneous. Booker v. State, 324 Ark. 468, 922 S.W.2d 337 (1996); Williams v. State, 313 Ark. 451, 856 S.W.2d 4 (1993).
Maddox asserts a twofold challenge to the denial of her motion to transfer. She first urges that the trial court did not recognize the relevance of her mother's testimony and emphasizes that her mother presented sufficient evidence of her character traits to support a positive finding on the issue of her prospects for rehabilitation. She further argues that the charge of criminal mischief is a crime against property which the trial court improperly characterized as "violent" in order to keep the matter in circuit court.
The State responds that criminal mischief is a Class C felony that satisfies the seriousness criterion for purposes of section 9-27-318(e) and that violence was employed in the commission of this offense. The State also questions whether the mother's testimony was really relevant to the criterion of rehabilitation, when there was no showing that Maddox was remorseful or willing to accept responsibility for her actions. Finally, the State contends that the fact Maddox was 18 *441 at the time of her hearing is sufficient, standing alone, to affirm the trial court's ruling.
In recent years, this court has fashioned the following rule in juvenile-transfer cases:
The use of violence in the commission of a serious offense is a factor sufficient in and of itself for a circuit court to retain jurisdiction of a juvenile's case, but the commission of a serious offense without the use of violence is not sufficient grounds to deny the transfer.
Booker v. State, 324 Ark. at 474-75, 922 S.W.2d at 340. See also Sebastian v. State, 318 Ark. 494, 885 S.W.2d 882 (1994); Blevins v. State, 308 Ark. 613, 826 S.W.2d 265 (1992). In Green v. State, supra, this court noted that manslaughter, a Class C felony, was a serious offense: "No doubt the offense charged is serious. Manslaughter is a class C felony. If [the appellant] were convicted he would be sentenced to imprisonment for not less than three nor more than ten years." Green v. State, 323 Ark. at 640, 916 S.W.2d at 759 (citing Ark.Code Ann. 5-4-401(a)(4) (Repl.1993)). Criminal mischief in the first degree is also a Class C felony, and it satisfies the seriousness requirement.
The question we next address is whether the trial court was correct in its finding that Maddox committed a violent act. We agree with the trial court that she did. This is not a case where a juvenile merely committed a crime against property such as we had in Pennington v. State, 305 Ark. 312, 807 S.W.2d 660 (1991). In Pennington, two 17-year-olds broke about 30 tombstones in a cemetery and were charged with criminal mischief. The circuit court refused to transfer the cases to juvenile court, and we reversed on the basis that the trial court gave too much deference to the prosecutor, after the court acknowledged that violence was not embraced in the young men's actions.
In the instant case, the trial court noted that these facts would likely support an aggravated assault charge as well as a charge of criminal mischief. This court has observed that the crime of aggravated assault is not only serious, but that no violence beyond that necessary to commit aggravated assault is necessary to meet the requirement under Ark.Code Ann. § 9-27-318(e)(1). Cole v. State, 323 Ark. 136, 913 S.W.2d 779 (1996). We conclude that a violent act lies at the core of the alleged crime in the instant casethe willful throwing of a glass bottle at a moving vehicle containing three passengers, as testified to by Kinnamon. These facts are sufficient to sustain a refusal to transfer in our judgment.
There is, too, the fact that Maddox has now turned 18. Young people over age 18 can no longer be committed to the Division of Youth Services for rehabilitation unless they are already committed at the time they turn 18. See Ark.Code Ann. § 9-28-208(d) (Supp. 1995); Hansen v. State, 323 Ark. 407, 914 S.W.2d 737 (1996). The fact that Maddox cannot now be committed to the Division of Youth Services is highly relevant to her prospects for rehabilitation as a juvenile and is a factor that this court considers important in reviewing a trial court's denial of a motion to transfer. See, e.g., Hogan v. State, 311 Ark. 262, 843 S.W.2d 830 (1992); Bright v. State, 307 Ark. 250, 819 S.W.2d 7 (1991). This circumstance lends additional support to an affirmance.
Affirmed.
ROAF, J., dissents. See dissenting opinion of Justice Roaf in Butler v. State, 324 Ark. 476, 922 S.W.2d 685 (1996).