The Honorable Larry Jegley Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Jegley:
This is in response to your request for an opinion on nine questions regarding Acts 1308 and 1118 of 1997. Act 1308 is entitled "An Act to amend Arkansas Code Annotated § 6-18-222 to clarify the procedure for compliance with student truancy laws; and for other purposes," and Act 1118 amends various sections of the juvenile code. Your questions are restated and addressed below. For purposes of clarity, the order of your second and third questions has been reversed.
Question 1 — In what court does the Constitution of the State of Arkansasor case law place the subject of truancy? Juvenile? Circuit/Chancery?
Amendment 67 to the Arkansas Constitution provides in part that the "General Assembly shall define jurisdiction of matters relating to juveniles (persons under eighteen (18) years of age) . . . and may confer such jurisdiction upon chancery, circuit or probate courts, or upon separate divisions of such courts, or may establish separate juvenile courts upon which such jurisdiction may be conferred." In my opinion, the failure to attend school by a minor who is required to attend is a matter relating to juveniles; therefore, the General Assembly has the authority to define jurisdiction concerning truancy.[1]
Question 2 — Does Act 1308 of 1997 constitute an unlawful delegation oflegislative authority under the Arkansas Constitution and case law forjuvenile truancy/FINS cases in that it provides that the "prosecutingauthority" and "juvenile judge," "upon agreement" may decide on anothercourt of competent jurisdiction to hear these truancy cases in6-18-222(a)(6)(A)?
Before responding to your question, I will set forth the provisions of Act 1308 relevant to both your second and third questions. Arkansas Code Annotated § 6-18-222(a), as amended by Act 1308 of 1997, provides in part:
 (5) Whenever a student exceeds the number of excessive unexcused absences provided for in the district's or the State Board of Vocational Education's student attendance policy, the school district or the adult education program shall notify the prosecuting authority, and the student's parents, guardians, or persons in loco parentis shall be subject to a civil penalty in such an amount as a juvenile court or other court of competent jurisdiction, as authorized under subdivision (6)(A) of this subsection, may prescribe, but not to exceed five hundred dollars ($500) plus costs of court and any reasonable fees assessed by the court . . .
 (6)(A) Upon notification by the school district or the adult education program to the prosecuting authority, the prosecuting authority shall file in juvenile court a truancy petition pursuant to § 9-27-310 or enter into a diversion agreement with the student pursuant to § 9-27-323. However, the prosecuting authority may file an action in another court of competent jurisdiction if the prosecuting authorities and the juvenile judge, upon agreement, have developed a written plan for prosecuting truant students outside of juvenile court by October 1, 1997. For any action filed pursuant to such written plan or filed in juvenile court to impose the civil penalty set forth in subdivision (5) of this subsection, the prosecuting authority shall be exempt from all filing fees and shall take whatever action is necessary to collect the penalty provided for therein.
 (B) Actions under this subsection shall be filed in juvenile court as a matter of preference.
 (C) Municipal attorneys may practice in juvenile court for the limited purpose of filing petitions or entering into diversion agreements as authorized by this subdivision if agreed upon by all of the parties pursuant to subsection (6)(A) above.
(Emphasis supplied.)
Arkansas Code Annotated § 6-18-222 imposes a civil penalty against the parents of certain school age children who are absent from school a specified number of days. Section 6-18-222(a)(6)(A) also clearly provides that when the school district notifies the prosecuting authority that a student has exceeded the specified number of unexcused absences, the prosecuting authority shall file a truancy petition in juvenile court or enter into a diversion agreement. The General Assembly, however, also grants the prosecuting authority discretion to file an action in a court other than juvenile court if the appropriate agreement has been developed.
It is well established that all legislative acts are presumed to be constitutional, and all doubts will be resolved in favor of an act's constitutionality if it is possible to do so. Fayetteville School Dist.v. Arkansas State Board of Education, 313 Ark. 1, 852 S.W.2d 122 (1993). In my opinion, the discretion granted to the prosecuting authority is not an unconstitutional delegation of legislative authority. Rather, the provision simply grants the prosecuting authority, under certain circumstances, the discretion to file an action in a court other than juvenile court.
The general rule is that functions of the legislature must be exercised by it alone. Turner v. Woodruff, 286 Ark. 66, 689 S.W.2d 527 (1985). Although the General Assembly cannot delegate its power to make a law, it can make a law to delegate the "power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." Venhaus v. State, 285 Ark. 23, 684 S.W.2d 252 (1985); Hooker v.Parkin, 235 Ark. 218, 357 S.W.2d 534 (1962). If a written plan has been developed, then the prosecutor has the discretion to either (1) file a petition in juvenile court pursuant to A.C.A. § 9-27-310, (2) enter into a diversion agreement with the student pursuant to A.C.A. § 9-27-323, or (3) prosecute the student outside of juvenile court. If a written plan has not been developed, then the prosecutor only has the discretion to (1) file a petition in juvenile court pursuant to A.C.A. § 9-27-310 or (2) enter into a diversion agreement with the student pursuant to A.C.A. § 9-27-323.
In a comparable situation, the Arkansas Supreme Court has recognized that, when a case involves a juvenile sixteen years old or older and the alleged act would constitute a felony if committed by an adult, the juvenile code grants the prosecuting attorney the discretion to file a petition in juvenile court alleging delinquency or to file charges in circuit court. A.C.A. § 9-27-318 (Supp. 1995); Rhoades v. State,315 Ark. 658, 869 S.W.2d 698 (1994); see also Kindle v. State, 326 Ark. 282,931 S.W.2d 117 (1996), Cole v. State, 323 Ark. 136, 913 S.W.2d 779
(1996), Holmes v. State, 322 Ark. 574, 911 S.W.2d 256 (1995). Similarly, a person generally may be charged in either municipal court or circuit court for committing a misdemeanor. A.C.A. § 16-17-704 (Repl. 1994).
Question 3 — Does Act 1308 of 1997 constitute an unlawful delegation oflegislative authority under the Arkansas Constitution and case law forjuvenile truancy/FINS cases inasmuch as it appears to grant jurisdiction"as a matter of preference" to "juvenile court" to determine such casesas truancy/FINS cases in 6-18-222(a)(6)(B)? Whose preference? Party?Judge? Legislature?
As previously stated, it is well established that all legislative acts are presumed to be constitutional, and all doubts will be resolved in favor of an act's constitutionality if it is possible to do so.Fayetteville School Dist. v. Arkansas State Board of Education,313 Ark. 1, 852 S.W.2d 122 (1993). In light of this rule, it is my opinion that A.C.A. § 6-18-222(a)(6)(B), as amended by Act 1308, does not constitute an unlawful delegation of legislative authority. Rather, the provision is a statement of legislative intent.
Section 6-18-222(a)(6)(A) provides that when the school district notifies the prosecuting authority that a student has exceeded the authorized number unexcused of absences, the prosecuting authority shall file a truancy petition in juvenile court or enter into a diversion agreement. The General Assembly, however, also grants the prosecuting authority discretion to file an action outside of juvenile court if the appropriate agreement has been developed.[2] It is my opinion that, although the legislature has granted the prosecuting authority the discretion under certain circumstances to file an action in a court other than juvenile court, it appears the legislature prefers that actions under A.C.A. §6-18-222(a) be filed in juvenile court.
A comparison of the statute before and after the 1997 amendment provides a basis from which it can be concluded the phrase is a statement of legislative intent. Previously, A.C.A. § 6-18-222(a) provided in part:
 (6)(A) Upon notification by the school district or the adult education program to the prosecuting authority, the prosecuting authority shall file an action which shall be exempt from all filing fees for civil cases in the appropriate court to impose the civil penalty set forth in subdivision (a)(5) of this section and shall take whatever action is necessary to collect the penalty provided for therein. . . .
 (C) Actions under this section shall be filed in an appropriate municipal court as a matter of preference.
Thus, prior to the 1997 amendment, the prosecutor could file an action against the parents in any court that had jurisdiction to impose the civil penalty authorized by the statute. The General Assembly, however, indicated that its preference was for such actions to be filed in municipal court. Under A.C.A. § 6-18-222, as amended, the prosecutor under certain circumstances is still granted discretion to choose where to file an action. The General Assembly, however, has indicated that its preference is for such actions to be filed in juvenile court.
Question 4 — If the answer to either 2 or 3 above is yes, whatconstitutional or statutory provisions govern subject matter jurisdictionto hear these cases? Is the "appropriate court" to hear such casescircuit, circuit/chancery ("juvenile"), etc.?
In light of my answers to your second and third questions, an answer to this question is unnecessary.
Question 5 — If the answer to 2 or 3 above is yes, explain whether theseverability clause would save portions of Act 1308 governingjurisdiction, i.e., would the first sentence of (a)(6)(A) be severablefrom the jurisdiction "agreement" language of the second sentence? From(a)(6)(B)? If so, which sections of Act 1308 are unconstitutional andseverable? If not, does the whole act fail?
In light of my answers to your second and third questions, an answer to this question is unnecessary.
Question 6 — If Act 1308 is constitutional, please define these terms inAct 1308 amending 6-18-222 as it relates to whose responsibility it is toprosecute cases or fulfill duties imposed by the Act:
a. "prosecuting authority" (a)(6)(A): Section 6-18-222(a)(8), as amended, provides:
 As used in this section, "prosecuting authority" means the elected district prosecuting attorney, or his appointed deputy, for schools located in unincorporated areas of the county or within cities not having a police or municipal court and means the prosecuting attorney of the city for schools located within the city limits of cities having either a police court or a municipal court in which a city prosecutor represents the city for violations of city ordinances or traffic violations.
b. "prosecuting attorney of the city for schools located within the citylimits of cities having either a police court or a municipal court inwhich a city prosecutor represents the city for violations of cityordinances or traffic violations," (a)(8)? (Does prosecuting authoritymean city attorney as in the city of Little Rock? What if the cityrepeals all traffic ordinances and shifts burden of prosecuting trafficcases under state law to the elected prosecutor?):
If a school is located within the city limits of a city that has either a police court or a municipal court and the city attorney represents the city for violations of city ordinances or traffic violations, then thecity attorney is responsible for prosecuting actions filed under A.C.A. § 6-18-222. See Op. Att'y Gen. 91-215. Further, in Opinion No. 95-235 I opined that A.C.A. § 16-21-150 (Repl. 1994) relieves prosecuting attorneys of the responsibility of prosecuting misdemeanor state law violation cases that arise within a city's limits. I also opined that the provisions of A.C.A. § 16-21-150 must be read impliedly to amend the provisions of A.C.A. § 16-21-115 so as to remove the city attorneys' ability to refuse to prosecute violations of state law that occur within the city's limits. Consequently, the city cannot simply "shift the burden" to prosecute violations of state law that occur within the city's limits.
c. "municipal attorneys" (a)(6)(C): Again, A.C.A. § 6-18-222(a)(6)(C) provides: "Municipal attorneys may practice in juvenile court for the limited purpose of filing petitions or entering into diversion agreements as authorized by this subdivision if agreed upon by all of the parties pursuant to subsection (6)(A) above." The term "municipal attorneys," as it appears in A.C.A. § 6-18-222, has not been defined by the legislature, and thus this office cannot provide a controlling definition of a term where the legislature has not seen fit to provide one. It appears, however, that the term "municipal attorneys" refers generally to city attorneys.
d. "parties" (a)(6)(C): The term "parties," as it appears in A.C.A. §6-18-222, has not been defined by the legislature, and thus this office cannot provide a controlling definition of a term where the legislature has not seen fit to provide one. It appears, however, that the term "parties" refers generally to the people who must consent to a diversion agreement, i.e. the prosecuting attorney, the juvenile, and the parent.See A.C.A. § 9-27-323. In my opinion, A.C.A. § 6-18-222(a)(6)(C) specifically permits a city attorney to practice in juvenile court pursuant to A.C.A. § 6-18-222(a)(6)(A). Accordingly, the city attorney, if he wishes, may enter into a diversion agreement with the student assuming the student and his or her parents consent.
Question 7 — If the answer to 2 or 3 is yes, how does this affect thevalidity or constitutionality of Act 1118 of 1997? How does severabilityaffect this question?
In light of my answers to your second and third questions, an answer to this question is unnecessary.
Question 8 — If Act 1118 is constitutional, please define these terms inAct 1118 and 9-27-323 as it relates to responsibility to prosecute thecase or fulfill duty under Act's language:
a. prosecuting attorney, 9-27-323(d)(1)(D): As used in the Arkansas Juvenile Code, "`Prosecuting attorney' means an attorney who is elected as district prosecuting attorney, the duly appointed deputy prosecuting attorney, or any city prosecuting attorney." A.C.A. § 9-27-303(31), as amended by Act 1227 of 1997.
b. Petitioner, 9-27-323(g), as it relates to truancy "diversion" cases: Arkansas Code Annotated § 9-27-323(g), as amended by Act 1118, provides that under certain circumstances a diversion agreement may be terminated and the "petitioner in a FINS case may file a petition." Arkansas Code Annotated § 9-27-310(b)(3) (Supp. 1995) provides: "Petitions for dependency-neglect or family in need of services may be filed by: (A) Any adult; or (B) Any member ten (10) years old or older of the immediate family alleged to be in need of services." With regard to a FINS case filed pursuant to A.C.A. § 6-18-222, the prosecuting authority would be the petitioner. See A.C.A. § 6-18-222(a)(6)(A); A.C.A. §9-27-323(d)(1)(D) (as amended by Act 1118 of 1997).
Question 9 — If Acts 1308 or 1118 are constitutional, what is theeffective date for placement of truancy cases in "juvenile court?" August1 or October 1?
Acts 1118 and 1308 of 1997 do not contain emergency clauses or specified effective dates; therefore, the Acts became effective on August 1, 1997.See Op. Att'y Gen. 97-144. Accordingly, as of August 1, if the school district notifies the prosecuting authority that a student has exceeded the authorized number of unexcused absences, the prosecuting authority must either (1) file a petition in juvenile court pursuant to A.C.A. §9-27-310, (2) enter into a diversion agreement with the student pursuant to A.C.A. § 9-27-323, or (3) if a written plan has been developed, prosecute the student outside of juvenile court. With regard to your reference to October 1, 1997, it is my opinion that Act 1308 only grants the juvenile judge and prosecuting authorities until October 1, 1997, to develop a written plan for prosecuting truant students outside of juvenile court. If prosecuting authorities and the juvenile judge have not developed a written plan by October 1, 1997, then after October 1 the prosecuting authority must either (1) file a petition in juvenile court pursuant to A.C.A. § 9-27-310 or (2) enter into a diversion agreement with the student pursuant to A.C.A. § 9-27-323.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It should be noted that A.C.A. § 6-18-322, as amended by Act 1308, generally imposes a civil penalty upon a student's parents for the violation of a state statute rather than simply punishing a student for truancy.
[2] I must note that, contrary to the statement in your question, "jurisdiction" is not granted as a matter of preference, rather the General Assembly has simply granted the prosecutor the discretion to choose where to file an action.