Lynn TOLIVER *v.* STATE of Arkansas

97-693                                    953 S.W.2d 887

Supreme Court of Arkansas
Opinion delivered November 6, 1997

*Jerry Larkowski*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This is a juvenile-transfer case. We affirm the trial court's denial of the appellant's motion to transfer to juvenile court.

On February 6, 1997, Lynn Toliver was charged in Pulaski County Circuit Court with aggravated robbery, kidnapping, and

theft of property.[1] Toliver was sixteen years of age at the time of the alleged offenses, and moved to transfer the charges to juvenile court. At the transfer hearing, Toliver testified that his mother had contacted his high school, which would allow him back in if his case was transferred to juvenile court. Toliver added that if his case was transferred, he was willing to work with the people in juvenile court to rehabilitate himself and turn his life around. When asked why he wanted his case transferred, Toliver answered, "Because I don't think I could handle it. . . I don't think I can handle the adults going down there to the big place." On cross-examination, Toliver explained that he had been "involved in juvenile court" in 1992 and 1993 on a theft of property charge, which resulted in his placement on probation.

The State's only witness was Jim Potter, a homicide detective with the Pulaski County Sheriff's office who investigated an aggravated robbery perpetrated against a cab driver named Elton White on November 27, 1996. Potter stated that on that date, White was called to pick up a fare when three males entered his cab with firearms, told him to drive to a dead-end street, and robbed him of his money at gunpoint. At the time White had a friend in the front-passenger seat, Amanda Beasley. According to Potter, Beasley said that one of the persons in the back seat held a gun on White, while another held a gun on her. When they arrived at the dead-end street, around $40 and other items were removed from the cab, including its radio. White and Beasley were then forced out of the cab and to the ground at gunpoint, and Beasley was kicked several times.

Potter developed Toliver, Djuane Thompson, and Ytun Butler as suspects, and determined that Toliver and Butler had held guns on the victims. Toliver eventually gave a statement to Potter where he admitted to his presence in the cab with a handgun, but

---

[1] Count two of the information filed against Toliver shows that he was charged with misdemeanor theft of property under Arkansas Code Annotated § 5-36-103 (Supp. 1995). Neither party addresses the jurisdictional issue implicated when a sixteen-year-old juvenile is charged with a misdemeanor in circuit court. See Ark. Code Ann. § 9-27-318(b)(1) (Supp. 1995). However, an April 25, 1997, docket-sheet entry shows that "Misdemeanor Count 2" was dismissed. Thus, we treat this case as an appeal from the denial of transfer on the aggravated robbery and kidnapping charges.

denied that he produced the gun. Instead, Toliver stated that he rolled his jacket sleeve over his hand and made gestures toward Beasley as if he had a handgun. Toliver added that the victims were taken to a dead-end street, money was taken, and he witnessed another person kick Beasley.

Following the presentation of this evidence, without objection, and argument from counsel, the trial court denied the motion to transfer. Toliver brings this interlocutory appeal from the denial of his transfer motion. For his only point on appeal, Toliver argues that no clear and convincing evidence existed warranting that he be tried as an adult in circuit court. Toliver primarily relies on cases such as *Green v. State*, 323 Ark. 635, 916 S.W.2d 756 (1996), *Blevins v. State*, 308 Ark. 613, 826 S.W.2d 265 (1992), and *Pennington v. State*, 305 Ark. 312, 807 S.W.2d 660 (1991), which generally hold that seriousness alone is not a sufficient basis for the denial of a transfer motion. Toliver in turn reasons that the State failed to come forward with "countervailing evidence" to reflect negatively on the second and third statutory factors found in Ark. Code Ann. § 9-27-318(e) (Supp. 1995) concerning his history and prospects for rehabilitation. Toliver's reliance on these cases is misplaced, and his argument reflects a misunderstanding of this court's interpretation of the juvenile code and our applicable standard of review.

We have repeatedly stated that the trial court does not have to give equal weight to the statutory factors found in Ark. Code Ann. § 9-27-318(e) in ruling on a transfer motion. *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997); *Maddox v. State*, 326 Ark. 515, 931 S.W.2d 438 (1996). Moreover, the State is not required to present proof as to each statutory factor. *McClure, supra; Lammers v. State*, 324 Ark. 222, 920 S.W.2d 7 (1996). On appellate review, we will not overturn the trial court's determination unless it was clearly erroneous. *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Carroll v. State*, 326 Ark. 602, 932 S.W.2d 339 (1996).

In the present case, Toliver's argument fails because it ignores the serious nature of the crimes charged, and the evidence

of the use of violence in the commission of these serious offenses.[2] Given the presence of these two factors, this court has often declined to find that a trial court was clearly erroneous in denying transfer. *See, e.g., Kindle v. State,* 326 Ark. 282, 931 S.W.2d 117 (1996) (affirming denial of transfer where the victim testified that the appellant held a loaded pistol to his head and attempted to pull the trigger); *Guy v. State,* 323 Ark. 649, 916 S.W.2d 760 (1996) ("It is of no consequence that appellant may or may not have personally used a weapon, as his association with the use of a weapon in the course of the crimes is sufficient to satisfy the violence criterion."); *Cole v. State,* 323 Ark. 8, 913 S.W.2d 255 (1996) (affirming denial of transfer of aggravated assault and possession of handgun on school property charges where appellant threatened the victim with a gun). In the present case, Detective Potter presented evidence that at least two of the perpetrators produced firearms. While at gunpoint, the victims were forced to drive to a dead-end street, money was taken from White, and both victims were forced to the ground where Beasley was kicked. Potter determined that Toliver and Butler were the "gun-holding suspects." According to Potter, Toliver admitted to his presence in the vehicle, with a handgun, while the offenses occurred. Given the serious nature of the crimes charged, and the evidence supporting the employment of violence during the commission of these offenses, the trial court was not clearly erroneous in denying the transfer motion.[3]

Affirmed.

---

[2] Toliver appears to take the position that the trial court's failure to make a specific finding that the offenses were "serious and violence was employed" precludes reliance on the first statutory factor, Arkansas Code Annotated § 9-27-318(e)(1). However, specific findings of fact from the trial court in juvenile-transfer cases, while helpful for our review, are not required. *Lammers v. State,* 324 Ark. 222, 920 S.W.2d 7 (1996); *Booker v. State,* 324 Ark. 468, 922 S.W.2d 337 (1996).

[3] While Toliver makes reference to this court's caveat in *Sanders v. State,* 326 Ark. 415, 932 S.W.2d 315 (1996), against mere reliance on the criminal information in juvenile-transfer cases, the present case is notably different because the State presented evidence supporting the charges.