Laquince Termel HOGAN *v.* STATE of Arkansas

92-674                                    843 S.W.2d 830

Supreme Court of Arkansas
Opinion delivered December 7, 1992

*Dowd, Harrelson, Moore & Giles*, by: *Gene Harrelson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The sole issue in this appeal is whether the trial court erred in refusing to transfer five charges against the appellant Laquince Termel Hogan from circuit court to juvenile court. These charges involved the delivery of crack cocaine, the delivery of marijuana, and the possession of crack cocaine with intent to deliver. We find no error in the court's decision, and we affirm.

On December 17, 1991, Hogan was charged as an adult in circuit court with two delivery-of-marijuana offenses and two delivery-of-crack cocaine offenses arising out of events in September and December of that same year. Hogan at the time of the alleged offenses was seventeen, his date of birth being January 19, 1974. Arrest warrants were also issued on December 17, 1991, and served on Hogan at his high school. Following his arrest at the school, Hogan was charged with possession of crack cocaine with intent to deliver.

Hogan filed a motion to transfer all charges to juvenile court on January 29, 1992, on the basis that even though he was now eighteen, he had been seventeen at the time the alleged offenses were committed. Two hearings were held, one on February 4, 1992, and one on May 12, 1992. At the first hearing, Arkansas State Police Captain Hayes McWhirtor testified that when Hogan was arrested at school, he had eight or nine rocks of crack cocaine in his possession. At the second hearing, the trial court denied the motion and said that it was doing so because Hogan "had crack cocaine on him at school," and that that fact distinguished this case from *Blevins* v. *State*, 308 Ark. 613, 826, S.W.2d 265 (1992). In *Blevins*, we granted a transfer of a sixteen-year-old's case to juvenile jurisdiction where possession with intent to deliver crack cocaine was charged but no violence accompanied the charges.

Juvenile transfer matters are governed by Ark. Code

Ann. § 9-27-318(e) (Repl. 1991), which includes these factors:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts;

> (3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

We have held that it is not necessary to give equal weight to each factor in juvenile transfer cases and further that proof need not be introduced against the juvenile on each factor. *Walker* v. *State*, 304 Ark. 393, 803 S.W.2d 502 (1991).

■ There was testimony at the juvenile transfer hearing in Hogan's favor, such as no prior record, a 3.0 grade point average at school, school leadership and sports participation, plans to attend college, and the absence of violence employed in the alleged crimes. On the other hand, multiple drug charges are involved in this case, and one charge, according to Captain McWhirtor, involved possession of eight or nine rocks of crack cocaine while Hogan was on school grounds attending classes. There is, too, the fact that Hogan is now eighteen and almost nineteen. In a 1991 juvenile transfer case, this court had the following to say regarding an appellant who had turned eighteen:

> The appellant was seventeen years and seven months old at the time of the crimes, and has now reached his eighteenth birthday. A person who has reached his eighteenth birthday cannot be committed to a youth services center. Ark. Code Ann. §§ 9-27-331(a)(1) and 9-28-209(a)(1) (Supp. 1991).

*Bright* v. *State*, 307 Ark. 250, 252, 819 S.W.2d 7, 8 (1991). In *Bright*, we considered that circumstance to be an important factor in denying the transfer.

The fact that no commitment under juvenile jurisdiction could result from a transfer due to Hogan's age and the fact there are multiple charges of a serious nature, one of which involves possession of a significant amount of crack cocaine on school grounds, compel us to conclude that the trial court's decision was not clearly erroneous. *See Walker v. State*, 304 Ark. 402-A, 805 S.W.2d 80 (1991) (Supplemental Opinion).

Affirmed.