Brian Patrick HANSEN *v.* STATE of Arkansas

95-961                                      914 S.W.2d 737

Supreme Court of Arkansas
Opinion delivered February 12, 1996

*Marianne L. Hudson,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Brian Patrick Hansen appeals the denial of his motion to transfer the statutory rape charge (Ark. Code Ann. § 5-14-103(a)(3) (Repl. 1995)), to juvenile court. We affirm the decision of the trial court.

The felony information filed in circuit court charged: "On or about February 12, 1995, the defendant, (DOB: 3/17/77), digitally penetrated the vagina of a ten (10) year old female . . . ." A motion to transfer the matter to juvenile court was filed, and a hearing was held on that motion on July 18, 1995. By that time, Hansen had turned 18. Julie Hansen, Hansen's mother, testified at the hearing that he had only completed the tenth grade and had recently obtained his GED and had sought to join the Army. At the time of the charged offense, Hansen was living with his fiancee and her mother. Julie Hansen admitted on cross-examination that Hansen had previously been charged with the unauthorized use of a motor vehicle in Iowa.

The State called Mike Scott, a former juvenile intake officer with the Washington County Juvenile Court, as a witness. Scott testified that on December 6, 1993, the Fayetteville Police Department arrested Hansen on a warrant out of Iowa for two counts of burglary and one count of the unauthorized use of a vehicle. Hansen subsequently escaped in handcuffs, and he was charged with escape. The escape charge was later dropped. The disposition of the Iowa charge is unknown, but Scott indicated that Hansen received probation. He also testified that Hansen had been arraigned earlier that morning on felony charges of theft of property (a .40 caliber pistol) and fleeing. Hansen's criminal history further reflects that other charges of theft of property and breaking and entering were nolle prossed by the State at the request of the victim.

Following the hearing, the trial court made its ruling from the bench:

> Both of the attorneys recognize that this is obviously a very serious offense, these are very serious allegations, and I think standing alone it would be proper to leave this case in circuit court as opposed to transferring it as the defendant requests. I'll just make these additional observations. The defendant has now been charged with three — or actually — yes, three — four felonies in this court: Theft of property and breaking or entering in case 95-285; rape in the case that we're holding this hearing in, 95-457; and only today, theft of property — all felonies. Although there obviously has not been a pattern of adjudicated offenses in juvenile court, Mr. Hansen certainly has had his troubles. There's at least a suggestion that although he was arrested as a juvenile on an Iowa warrant, he nonetheless was to some degree treated as an adult in Iowa. He apparently escaped after having been taken into custody here in Washington County on that warrant. He has not chosen to offer up any explanation as to how those cases were resolved. Therefore, in my view the likelihood of rehabilitation is remote at best, even assuming those services were available as an eighteen-year-old. Again, as pointed out by Mr. Threet [deputy prosecuting attorney], this offense allegedly occurred

within a month of his eighteenth birthday and of course he is seeking to enter the Army as an adult.

I think for all those reasons, in my judgment it's inappropriate to transfer this case. The defendant's motion is denied.

Hansen now argues in this interlocutory appeal that the trial court's denial of the transfer was clearly erroneous under the factors set forth in Ark. Code Ann. § 9-27-318(e) (Supp. 1995). We disagree. Briefly stated, the factors under the statute are (1) seriousness of the offense and whether violence was employed; (2) repetitive pattern of adjudicated offenses indicating that the juvenile is beyond rehabilitation; and (3) prior history and character traits reflecting on the juvenile's prospects for rehabilitation. We have stated that in making its determination, the trial court is not required to give equal weight to each of these factors. *Ring* v. *State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Sebastian* v. *State*, 318 Ark. 494, 885 S.W.2d 882 (1994); *Hogan* v. *State*, 311 Ark. 262, 843 S.W.2d 830 (1992). If the trial court decides to hold the juvenile for trial as an adult, its decision must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f) (Supp. 1995). The decision to transfer the case to circuit court will not be overturned unless it is clearly erroneous. *McGaughy* v. *State*, 321 Ark. 537, 906 S.W.2d 671 (1995).

Statutory rape is without question a serious crime. Moreover, as the trial court noted, commitment to a juvenile facility is not available for a young person older than 18. We have previously held that the chance for rehabilitation within the Division of Youth Services is nonexistent when a commitment cannot be had for a young person older than 18. *See, e.g., Sims* v. *State*, 320 Ark. 528, 900 S.W.2d 508 (1995); *Hogan* v. *State, supra.*

We are cognizant of the fact that by Act 1261 of 1995 the General Assembly extended commitment time for juveniles beyond age 18 under certain circumstances:

(d) Commitment shall not exceed the eighteenth birthday of a youth, unless the Department of Human Services' State Institutional System Board determines that

an adequate facility or facilities are available for youths eighteen (18) years of age or older.

Ark. Code Ann. § 9-28-208(d) (Supp. 1995). Section 9-28-208(d), however, presupposes that the youth has already been committed at the time he or she turns 18 and allows for that commitment to continue. That is not the situation in the case before us. Under these circumstances, we cannot say that the decision of the trial court was clearly erroneous in denying the transfer.

Affirmed.