Terrel Deshawn MACON *v.* STATE of Arkansas

95-1146                                                    915 S.W.2d 273

Supreme Court of Arkansas
Opinion delivered February 19, 1996

*Daniel D. Becker* and *Michael E. Harmon*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Terrel Macon, a seventeen year old, was charged in circuit court with two counts of terroristic act and one count of aggravated assault. Under Ark. Code Ann. § 9-27-318 (Supp. 1995), he moved to transfer his charges to juvenile court, and after a hearing, the trial judge denied Macon's motion. He brings this appeal under § 9-27-318(h).

In making the decision to retain or transfer the case, the trial court must consider (1) the seriousness of the offense and whether violence was employed by the juvenile; (2) whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; (3) the juvenile's prior history, character traits, mental maturity, and any other factors reflecting upon his prospects for rehabilitation. § 9-27-318(e). Macon argues no evidence was presented to show he had committed a repetitive pattern of offenses, or to show he was beyond rehabilitation. In sum, he asserts that the trial court erred because it failed to consider factors (2) and (3) above. We do not agree.

We first point out that proof need not be introduced against the juvenile on each factor. *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768, 769 (1995). Second, in making its decision whether to retain or transfer a juvenile's case, the trial court is not required to give equal weight to each of the factors set out in § 9-27-318(e). *Id.*

Here, the trial court did, indeed, consider Macon's prior history, noting he had been convicted and placed on probation for theft and criminal trespass. While these offenses did not necessarily show a repetitive pattern, the trial court did consider the

offenses when discussing the lack of rehabilitative programs for Macon, especially in view of the fact he would turn eighteen years old within thirty days after the hearing. *See McGaughey* v. *State*, 321 Ark. 537, 906 S.W.2d 671 (1995). Accordingly, the trial court concluded the juvenile rehabilitative programs available to Macon would be extremely limited and inappropriate.

Aside from the rehabilitation issue, we must affirm the trial court's decision because of its findings reflecting that Macon's offense was both serious and violent, and therefore fell within the first factor described under § 9-27-318(e) above. The trial court found that Macon and others drove by Damien Moore's residence in Hot Springs, and seeing Moore next to his parked vehicle, shot twice at him. They turned their vehicles around, drove by Moore again and fired four more shots. One shot struck Moore's car door and another entered a nearby residence, where a bullet eventually landed on the collar of the person residing there.

Because Macon's actions and offense exhibited a serious and violent nature, such proof was sufficient to support the trial court's decision to deny Macon's motion to transfer. *Holmes* v. *State*, 322 Ark. 574, 911 S.W.2d 256 (1995). In addition, we also conclude Macon failed to show the trial court clearly erred in finding Macon is not a good prospect for rehabilitation. Accordingly, we affirm.