Matthew JENSEN *v.* STATE of Arkansas

CR 97-12                                         944 S.W.2d 820

.Supreme Court of Arkansas
Opinion delivered May 6, 1997

*Robert N. Jeffrey,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Matthew Jensen was charged in circuit court with felony theft of property in violation of Ark. Code Ann. § 5-36-103 (Supp. 1995). He was seventeen at the time of the incident, so he moved to transfer the case to the juvenile division of chancery court. The motion was denied. Mr. Jensen brings this interlocutory appeal challenging circuit court jurisdiction and the denial of the motion. We affirm because the information charged an offense of which a circuit court may take jurisdiction and because the denial of the motion was not clearly erroneous.

The information charged Mr. Jensen with committing "THEFT OF PROPERTY, A.C.A. 5-36-103, CLASS C FELONY." It specifically alleged that:

> The said defendant on or about the 7TH day of May, 1996 in Grant County, Arkansas did unlawfully KNOWINGLY TAKE OR EXERCISE UNAUTHORIZED CONTROL OVER, OR MAKE AN UNAUTHORIZED TRANSFER OF AN INTEREST IN, THE PROPERTY OF ANOTHER PERSON, WITH THE PURPOSE OF DEPRIVING THE OWNER THEREOF; SAID PROPERTY BEING A CREDIT CARD all against the peace and dignity of the state of Arkansas.

An accompanying probable cause affidavit alleged that on May 7, 1996, Mr. Simmons, the victim of the theft, stated to the police that bank officials told him that someone had used an ATM machine and "maxed out" his account. The affidavit states that Mr. Simmons identified Mr. Jensen from pictures which were taken of the individual who used his card at an automatic teller machine.

A hearing was held on the transfer motion. Mikki Reagan, a county juvenile officer, testified that she knew with Mr. Jensen. She said he was born on March 29, 1979, and she opened a juvenile file on him in December 1991 after he was charged with shoplifting. He was placed on probation for six months, but he became the subject of a truancy petition filed prior to completing his sentence.

She further testified that Mr. Jensen was sent to a drug and alcohol rehabilitation program in 1992 after he was charged with felony theft of property. After completion of the rehabilitation program, he was sent to the Boy's Ranch in Harrison where he remained "off and on" for about one year. She said that "While at the Boy's Ranch he did very well."

In the order denying the motion the Trial Court found:

> 1. That the testimony of the Juvenile Intake Officer indicates that the defendant has had numerous contacts with the Juvenile Court and rehabilitative measures have been made on behalf of the defendant.

> 2. That despite these measures the defendant has continued to come into contact with law enforcement and exhibit a repetitive pattern of adjudicated offenses which lead to the conclusion that

the defendant is beyond rehabilitation under existing rehabilitation programs.

## 1. Jurisdiction

Theft of a credit card is a class C felony. Ark. Code Ann. § 5-36-103(a)(2)(D) (Supp. 1995). Mr. Jensen argues that reference in the probable cause affidavit to the stealing of an "ATM" card, as opposed to a "credit" card, proves that the offense committed was a misdemeanor. He submits that Ark. Code Ann. § 9-27-318(a)(3) (Supp. 1995) gives exclusive jurisdiction to the juvenile court when one under the age of eighteen "engages in conduct that, if committed by an adult, would be any misdemeanor."

■ Jurisdiction is determined from the pleadings. *Walker v. State*, 309 Ark. 23, 827 S.W.2d 637 (1992); *McKinney v. City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992). Subject-matter jurisdiction "is tested on the pleadings and not the proof." *Maroney v. City of Malvern*, 320 Ark. 671, 899 S.W.2d 476 (1995). *See e.g., Pryor v. Hot Spring County Chancery Court*, 303 Ark. 630, 799 S.W.2d 524 (1990). The General Assembly has not based court assignment in juvenile cases upon the nature of the offense "committed" but upon that which is charged. *See Walker v. State, supra.*

■ The information clearly charges Mr. Jensen with the commission of a class C felony. That is sufficient, along with the evidence of Mr. Jensen's age, to give the circuit court jurisdiction. The State will have the burden of producing evidence to support the charge.

## 2. Motion to transfer

Mr. Jensen contends that the Trial Court should have granted his motion because he is not beyond rehabilitation. To support his argument, he relies primarily on the statement by Ms. Reagan admitting he did well while at the Boy's Ranch.

Arkansas Code Ann. § 9-27-318(e) (Supp. 1995) states the three factors to be considered in deciding whether to transfer a case such as this one to a juvenile court.

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Subsection (f) adds "Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect."

▇ The Trial Court is not required to give equal weight to each of the statutory factors. *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995); *Williams v. State*, 313 Ark. 451, 856 S.W.2d 4 (1993). If a trial court determines a juvenile should be tried in circuit court as an adult, its decision must be supported by clear and convincing evidence. *Collins v. State*, 322 Ark. 161, 908 S.W.2d 80 (1995); *Williams v. State, supra.* Clear and convincing evidence is "that degree of proof which will produce in the trier of fact a firm conviction as to the allegation sought to be established." *Walker v. State*, 304 Ark. 393, 803 S.W.2d 502, *reh'g denied* 304 Ark. 402-A, 805 S.W.2d 80 (1991). The Court will not reverse the Trial Court's decision on transfer unless it determines the decision was clearly erroneous. *Ring v. State, supra; Vickers v. State*, 307 Ark. 298, 819 S.W.2d 13 (1991);

Mr. Jensen was charged with misdemeanor theft in 1991, and felony theft in 1992. He has been on probation or in rehabilitation programs since he was twelve. These facts, by themselves, militate against holding that the Trial Court's decision was clearly erroneous.

▇ The fact that Mr. Jensen is now eighteen is relevant to his prospects for rehabilitation as a juvenile and is a factor that the Court has considered important in reviewing the denial of a motion to transfer. *Maddox v. State*, 326 Ark. 515, 931 S.W.2d

438 (1996); *Sanders v. State*, 326 Ark. 415, 932 S.W.2d 315 (1996).

One who has reached one's eighteenth birthday cannot be committed to a youth-services center. Ark. Code Ann. 9-27-331(a)(1) (Supp. 1995). *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Hogan v. State*, 311 Ark. 262, 843 S.W.2d 830 (1992). The chance for rehabilitation within the Division of Youth Services is nonexistent when a commitment cannot be had for a one over eighteen. *Hansen v. State,* 323 Ark. 407, 914 S.W.2d 737 (1996). Although Ark. Code Ann. § 9-28-208(d) (Supp. 1995) extends the commitment time for juveniles beyond age eighteen under certain circumstances, it presupposes that the youth was committed upon reaching eighteen and that the commitment will continue. *Brooks v. State, supra; Hansen v. State, supra.*

■ Considering Mr. Jensen's previous juvenile adjudications and the fact that he is presently over eighteen, the Trial Court's decision to deny the motion to transfer was not clearly erroneous.

Affirmed.