## Mike Dane OGLESBY *v.* STATE of Arkansas

96-1244                                    946 S.W.2d 693

Supreme Court of Arkansas
Opinion delivered June 23, 1997

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Bruce D. Eddy*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Mike Dane Ogelsby, appeals the order of the Pulaski County Circuit Court, denying transfer of his case to juvenile court. The interlocutory appeal is proper pursuant to Ark. Code Ann. § 9-27-318(h) (Supp. 1995). Jurisdiction is properly in this Court pursuant to Ark. Sup. Ct. R. 1-2(a)(12). We find no error and affirm.

Ogelsby was arrested on April 23, 1996. A felony information was filed on June 19, 1996, charging Ogelsby with residential burglary, a Class B felony, and theft of property, a Class A misdemeanor.[1] At the time of the arrest, Ogelsby was seventeen years old. Oglesby turned eighteen on August 3, 1996.

On August 5, 1996, Ogelsby entered a plea of not guilty. On August 26, 1996, an omnibus hearing was held on Oglesby's motion to transfer the matter to juvenile court. The motion was denied based upon the seriousness of the offense and the age of the defendant.

Ark. Code Ann. § 9-27-318(e)(Supp. 1995) sets forth statutory factors that a trial court must evaluate when ruling upon a motion to transfer a matter to juvenile court. Specifically, § 9-27-318 provides:

> (e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:
> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
> (2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

---

[1] Both parties agreed that jurisdiction of the misdemeanor was properly within the juvenile court. Ark. Code Ann. § 9-27-318(a)(3)(Supp. 1995).

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

Oglesby contends that the trial court erred in denying his motion to transfer based solely upon the finding that the crime was serious; he argues that pursuant to the statute, a crime must be both serious and violent in order to justify denial of a motion to transfer.

In ruling upon a motion to transfer, a court is not required to give equal weight to each of the factors enunciated in Ark. Code Ann. § 9-27-318(e). *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Booker v. State*, 324 Ark. 468, 922 S.W.2d 337 (1996); *Sebastian v. State*, 318 Ark. 494, 885 S.W.2d 882 (1994). According to Ark. Code Ann. § 9-27-318(f) (Supp. 1995), a trial court decision to try a juvenile as an adult must be supported by clear and convincing evidence. A trial court's decision will not be overturned unless it is clearly erroneous. *Booker v. State, supra; Davis v. State*, 319 Ark. 613, 893 S.W.2d 768 (1995).

According to *Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996), it is the movant's burden to prove the transfer to juvenile court was warranted. *See also, Williams v. State*, 313 Ark. 451, 856 S.W.2d 4 (1993); *Pennington v. State*, 305 Ark. 312, 807 S.W.2d 660 (1991). This is a burden appellant has not met.

The defense conceded that the offense was serious but claims that the denial of the motion to transfer was improper because the offense was not violent as well. The defense offered no evidence to prove that the motion to transfer was warranted; therefore, the trial court ruling was not clearly erroneous.

Additionally, the State argued below that Ogelsby had turned eighteen and was not eligible for juvenile rehabilitative programs. In the recent case of *Smith v. State*, 328 Ark. 736, 946 S.W.2d 667 (1997), we held that the age of the juvenile is a permissible factor to evaluate when determining whether a transfer is proper. *See also, Maddox v. State*, 326 Ark. 515, 931 S.W.2d 438

(1996); *Brooks v. State, supra; Hansen v. State,* 323 Ark. 407, 914 S.W.2d 737 (1996).

■ Based upon the seriousness of a Class B felony and the fact that Oglesby is now eighteen years old, we cannot say that the denial of transfer was clearly erroneous. We therefore affirm.

Affirmed.

CORBIN, J., not participating.