Zeronical RICE *v.* STATE of Arkansas

97-295                                   954 S.W.2d 216

Supreme Court of Arkansas
Opinion delivered October 16, 1997

*William R. Simpson, Jr.*, Public Defender, by: *C. Renae Ford*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Zeronical Rice appeals the denial of his motion to transfer the criminal charges of aggravated robbery and theft to juvenile court. We affirm the trial court's finding on the aggravated robbery charge but dismiss the theft charge for lack of jurisdiction in the circuit court.

At the juvenile-transfer hearing, the prosecutor presented the testimony of Officer Jeffrey Norman of the Little Rock Police Department. Officer Norman testified that on September 5, 1995, Rice asked his brother, Tyrone Rice, to invite his friend, Steven Morris, to come over to his house. Morris used his 1994 Honda Elite moped as transportation. When Morris arrived, Rice pointed a sawed-off twelve-gauge shotgun at Morris and ordered him to give him the keys to his moped. Morris dropped the keys on the floor. Rice picked up the keys and set his shotgun down briefly to gather some clothes before he left. While his back was turned, Morris grabbed the shotgun and ran toward the front door, dropping the shotgun as he escaped through the door. Morris contacted the Little Rock Police Department from a neighbor's house and informed them about what had happened. He then watched Rice leave on his moped. When Rice was arrested on September 11, 1995, he confessed to Officer Norman that he had taken Morris's moped at gun point. At the time, he was fifteen with a date of birth of September 11, 1979. Morris's moped was never recovered.

Other testimony presented by the prosecutor at the juvenile-transfer hearing revealed that Rice had been implicated in two other offenses after his arrest for the aggravated robbery involving Morris. Officer Paul Childress of the Benton Police Department testified that he investigated an incident involving Rice, which occurred on December 8, 1995. According to the police officer, Rice and another person went to a residence in Benton and accused Greg James of being an informant for a drug task force. Rice beat James severely with a bottle, a television set, and his fists. James was treated at the hospital for his injuries.

Officer Childress further stated that there was another felony bench warrant for Rice stemming from an incident that occurred on December 23, 1995. According to Officer Childress, Rice and another person approached Jonathan Caple as he was leaving a bar in Benton and questioned him about an incident involving Rice and Caple's brother. While they were talking, Rice took a semi-automatic handgun, put a round in the chamber, and pointed the gun at Caple's head. Rice told Caple to drop all of his money. Caple escaped by retreating back into the bar.

The only testimony presented by Rice at the juvenile-transfer hearing was that of a teacher, Sylvia Carter, from whom Rice was receiving instruction in an effort to obtain his GED. Ms. Carter testified that Rice was cooperative and polite. She explained that Rice was doing well in his classes except for math which frustrated him.

Following the hearing, the motion to transfer was denied.

For his points on appeal, Rice contends that the trial court should have granted the motion to transfer to juvenile court because there was a high likelihood of rehabilitation and the State presented no countervailing proof regarding his potential for rehabilitation. Arkansas Code Ann. § 9-27-318 (Supp. 1995), provides the criteria for a motion to transfer to juvenile court:

> (e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:
>
> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

(f) Upon a finding by clear and convincing evidence that a juvenile should be tried as an adult, the court shall enter an order to that effect.

■ ■ We dispense with Rice's rehabilitation argument by focusing on his age. At this writing, he is eighteen, and his potential for rehabilitation within the juvenile system is nil. State law and our cases have made it clear that the initial commitment to the State Division of Youth Services cannot commence after the eighteenth birthday of the youth. Ark. Code Ann. § 9-28-208(d) (Supp. 1995); *Jensen v. State*, 328 Ark. 349, 944 S.W.2d 820 (1997); *Hansen v. State*, 323 Ark. 407, 914 S.W.2d 737 (1996). Moreover, we said in *Jensen v. State, supra*, that although § 9-28-208(d) extends the commitment time beyond eighteen in certain circumstances, it presupposes that the youth has already been committed to the State Division of Youth Services prior to reaching eighteen. *See also Hansen v. State, supra*.

■ Rice is beyond the age when he can be rehabilitated in the juvenile justice system. Furthermore, he confessed to a crime, aggravated robbery, that is clearly serious and clearly involves the use of violence. The evidence that Rice should be tried as an adult on this charge was clear and convincing.

■ Though Rice did not raise the issue, we conclude that the circuit court does not have jurisdiction over the theft charge. State law provides that if a juvenile is fourteen or fifteen at the time the delinquent act occurs, the prosecuting attorney may charge him with certain enumerated crimes, including aggravated robbery. Ark. Code Ann. § 9-27-318(b)(2) (Supp. 1995). Theft is not a listed charge. As we stated in *Banks v. State*, 306 Ark. 273, 813 S.W.2d 257 (1991), theft and aggravated robbery may both be

charged because they are separate crimes, having separate elements, even though they may have been committed at the same time. *See also Butler v. State*, 324 Ark. 476, 922 S.W.2d 685 (1996). However, we held in *Banks* that dismissal of the theft charge was appropriate due to lack of jurisdiction over the defendant who was fourteen at the time the acts were committed. The same holds true in the instant case. The circuit court has no jurisdiction to try Rice for a theft charge, even under § 9-27-318 as subsequently amended after *Banks v. State, supra*, was decided; when the alleged act was committed while Rice was fifteen. The prosecutor could have filed the theft charge in juvenile court and then moved to transfer it to circuit court as a charge arising out of the same course of conduct as the aggravated robbery. Ark. Code Ann. § 9-27-318(c) (Supp. 1995); *Butler v. State, supra*. This was not done. We dismiss the theft charge for lack of jurisdiction.

Affirmed as modified.