Patrick MAJESTY *v.* STATE of Arkansas

97–411 954 S.W.2d 245

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*Christopher Carter*, Marion County Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Patrick Majesty, appeals the trial court's denial of his motion to transfer to juvenile court. Because we cannot say that the trial court was clearly erroneous, we affirm.

On August 5, 1996, Majesty was charged with commercial burglary, a class C felony, and theft of property, a class B felony, in Marion County Circuit Court. These crimes were allegedly perpetrated on August 2, 1996, during the burglary of a pawn shop. According to the information, the value of the stolen property was estimated at $5,000. On August 9, 1996, Majesty filed a motion to transfer the charges to juvenile court. He was seventeen years of age at the time of the offenses; his date of birth was October 13, 1978. In his transfer motion, Majesty claimed that his only prior connection with the criminal justice system, adult or juvenile, was a theft of property charge brought against him in Louisiana when he was fourteen years old.

The trial court held a hearing on the motion on December 16, 1996. The State conceded that it had no prior juvenile history concerning Majesty. However, given that Majesty turned eighteen shortly after the crimes, the State took the position that transfer should be denied because "there is nothing we can do with him in juvenile court." While defense counsel announced his intentions to call Majesty and his father as witnesses, the trial court responded, "Well, for what — I mean, it doesn't sound to the Court, if he's already turned 18, I don't find that a very viable option of putting him in juvenile court if there is nothing juvenile court can do, really." Accordingly, the trial court denied the motion to transfer to juvenile court because Majesty was over the age of eighteen, the crime charged was a serious offense involving substantial restitution, and "under the circumstances, I just don't feel like juvenile court could adequately deal with the resolution of this case." Majesty brings this interlocutory appeal from the denial of his motion to transfer.

On appeal, Majesty argues that the trial court erred in denying the transfer because it only considered his age and the nature

of the crimes charged. He in turn asserts that "[t]he court did not give a careful consideration in this matter and certainly did not make a finding by clear and convincing evidence."

██ ██ While the trial court's decision to try a juvenile as an adult must be supported by clear and convincing evidence, Ark. Code Ann. § 9-27-318(f) (Supp. 1995), the court is not required to give equal weight to the statutory factors found in Ark. Code Ann. § 9-27-318(e) (Supp. 1995). *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995). We will not reverse the trial court's determination unless it was clearly erroneous. *Kindle v. State*, 326 Ark. 282, 931 S.W.2d 117 (1996); *McGaughy v. State*, 321 Ark. 537, 906 S.W.2d 671 (1995).

██ ██ It is true that seriousness alone is not a sufficient basis to deny a transfer to juvenile court. *See Green v. State*, 323 Ark. 635, 916 S.W.2d 756 (1996). However, in reviewing transfer motions this court has also emphasized the importance of evaluating the juvenile's prospects for rehabilitation within the Division of Youth Services in cases where the juvenile has already turned eighteen. *See, e.g., Jensen v. State*, 328 Ark. 349, 944 S.W.2d 820 (1997); *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Maddox v. State*, 326 Ark. 515, 931 S.W.2d 438 (1996); *Hansen v. State*, 323 Ark. 407, 914 S.W.2d 737 (1996). When a juvenile beyond the age of eighteen may not be committed at youth services, *see* Ark. Code Ann. § 9-27-331(a)(1) (Supp. 1995) *and* Ark. Code Ann. § 9-28-208(d) (Supp. 1995), we have characterized the juvenile's chances for rehabilitation there as "nonexistent." *See Jensen, supra; ·Brooks, supra; Hansen, supra.*

In *Oglesby v. State*, 329 Ark. 127, 946 S.W.2d 693 (1997), this court recently considered the juxtaposition of a serious property offense with an eighteen year old's prospects for rehabilitation in the context of juvenile transfer. Among other things, Oglesby was charged in circuit court with residential burglary, a class B felony. At the time of his arrest on the charge, Oglesby was seventeen years old, and he turned eighteen shortly before the hearing on his motion to transfer. The trial court denied Oglesby's motion to transfer to juvenile court. While conceding that the

offense charged was a serious one, Oglesby argued on appeal that the lack of violence in the crime charged warranted a transfer. This court rejected his argument and affirmed, emphasizing that Oglesby had reached eighteen years of age and was no longer eligible for juvenile rehabilitative services. "Based upon the seriousness of a Class B felony and the fact that Oglesby is now eighteen years old, we cannot say that the denial of transfer was clearly erroneous." *Id.*; *see also Smith v. State*, 328 Ark. 736, 946 S.W.2d 667 (1997) (affirming the denial of transfer where the defendant was charged with numerous property crimes and nineteen years old at the time of the opinion).[1]

 In the present case, Majesty is charged with serious offenses — theft of property, in this case a class B felony, and commercial burglary, a class C felony. At the time of this writing, Majesty is now nineteen years old; thus, he has virtually no juvenile services available to him. *See* Ark. Code Ann. § 9-28-208(d); *Oglesby, supra; Smith, supra.* In light of these two factors, the trial court was not clearly erroneous in denying the motion to transfer to juvenile court.

Affirmed.

---

[1] In *Smith*, various witnesses testified on the defendant's behalf, while the defendant in *Oglesby* offered no evidence to show that transfer was warranted. Although the point is quite vague, Majesty arguably asserts in his brief that the trial court erred in ruling on the transfer motion "without testimony of defendant or his father which was requested by the defense." To the extent that this is argued as an independent ground for reversal, we agree with the State that this point was waived by Majesty's failure to present any objection to the trial court concerning its failure to take witness testimony. Moreover, Majesty failed to proffer the substance of the testimony.