Damien BROWN *v.* STATE of Arkansas

97-723 954 S.W.2d 276

Supreme Court of Arkansas
Opinion delivered November 13, 1997

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is a companion case to *Damien Brown v. State*, 97-722, which is also being handed down today. Both cases involve Brown's appeal from an interlocutory order where the circuit court denied a motion to transfer his case to juvenile court. Here, Brown was charged in circuit court with aggravated robbery and theft of property. He was nine days short of being eighteen years old when he allegedly committed the crimes, and had turned eighteen when his transfer motion was denied.

At Brown's transfer hearing, Detective Jeff Norman testified that Brown had been identified as one of three subjects who entered a grocery store to steal money. One of the subjects had a gun and threatened to shoot the store employee if he did not open the cash register. Brown was identified as standing at the front door and telling the other two men to hurry. When the men were unable to open the cash register, they grabbed candy and cigarettes and fled. Norman further identified three prior juvenile orders, introduced into evidence, showing Brown had committed two thefts, battery in the third degree, and an aggravated robbery.

■■ Brown also testified, confirming his age to be eighteen and admitting he had committed the prior crimes of theft, battery, and aggravated robbery. He also admitted to having violated probation. Detective Norman's and Brown's own testimony

showed Brown had participated in serious offenses where violence was employed, and his prior history of criminal acts was sufficient for the circuit court to conclude a repetitive pattern of adjudicated offenses showing he was beyond rehabilitation. In sum, this evidence bore on all three of the factors that a circuit court must consider under Ark. Code Ann. § 9–27–318(e) (Supp. 1995),[1] and it is more than sufficient to sustain the court's ruling to deny Brown's motion to transfer his charges to juvenile court. A factor not to be forgotten, too, is that Brown is now close to nineteen years old, and we have repeatedly held that young people over the age of eighteen can no longer be committed to the Division of Youth Services (DYS) for rehabilitation unless they are already committed at the time they turn eighteen. Brown had not been committed to DYS. *See* Ark. Code Ann. § 9–28–208(d) (Supp. 1995); *Maddox v. State*, 326 Ark. 515, 931 S.W.2d 438 (1996).

▇▇▇▇ In conclusion, Brown contends the State's evidence was "incompetent" because Detective Norman's testimony was hearsay. His contention is meritless for several reasons. One, Brown never raised the issue below, so this court will not consider it on appeal. *Lammers v. State*, 324 Ark. 222, 920 S.W.2d 7 (1996). Two, Brown offered no objection to any part of Norman's testimony, and this court has held that hearsay admitted without objection can constitute sufficient evidence to support the denial of a transfer motion. *Sanders v. State*, 326 Ark. 415, 932 S.W.2d 315 (1996). And three, Brown's testimony alone sustains the trial court's ruling because it validated that he is over eighteen

---

[1] The full text of § 9–27–318(e) reads as follows:

(e) In making the decision to retain jurisdiction or to transfer the case, the court shall consider the following factors:

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that a juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

years old, had a prior history of criminal acts, and had previously violated probation in juvenile court.

For the reasons above, we affirm.