## James RHODES *v.* STATE of Arkansas

97-868                                   967 S.W.2d 550

Supreme Court of Arkansas
Opinion delivered April 16, 1998

*Bill Luppen*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

W.H. "Dub" Arnold, Chief Justice. This is an interlocutory appeal filed by appellant James Rhodes from the Pulaski County Circuit Court's denial of his motion to transfer his criminal case to juvenile court. Jurisdiction is properly before this court pursuant to Ark. Sup. Ct. Rule 1-2(11) (1997) as the record in this appeal was lodged before September 1, 1997, the effective date of our appellate jurisdiction rule change. *See In Re: Supreme Court Rule 1-2*, 329 Ark. 656 (per curiam). We affirm the trial court's decision.

On February 21, 1997, appellant and Damien Deshun Brown were charged by felony information with aggravated robbery and theft of property. The charges stemmed from the December 16, 1996, robbery of the Maple Street Grocery Store in Little Rock. We affirmed the denial of Brown's motion to transfer his case to juvenile court in *Brown v. State*, 330 Ark. 518, 954 S.W.2d 276 (1997). The appellant was seventeen-years-old at the time of the commission of the offenses, and just nine days short of his eighteenth birthday when his transfer motion was denied by the trial court on April 25, 1997. The appellant's date of birth is May 4, 1979. Thus, he is now almost nineteen years old.

At appellant's transfer hearing, Detective Jeff Norman of the Little Rock Police Department testified that the appellant and two other subjects entered the store on the date in question. One of

the suspects had a gun and threatened to shoot a store employee if he did not open the cash register. The employee was so nervous that he was unable to open the register. After two of the suspects were unable to open the cash register themselves, they grabbed a box of candy bars and a package of cigarettes then fled on foot. Appellant and Brown were apprehended in the area shortly after the robbery. The store employee identified the appellant as the person who had held the gun on him. Appellant admitted his involvement in the robbery to Detective Norman, confirming that he had held the gun on the employee.

Appellant's mother, Mary Rhodes, also testified at the hearing. She related that her son had a prior history in juvenile court. Specifically, her son had been placed on probation for theft of property on September 12, 1996. One week after the appellant was placed on probation, a pick-up order and petition for revocation of his probation were filed. After the appellant tested positive for drugs, he was sent to Recovery Way in Oklahoma.

■ In determining whether a criminal case should be transferred to juvenile court, the trial court must conduct a hearing and consider the following factors under Ark. Code Ann. § 9-27-318(e) (Supp. 1995):

(1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;

(2) Whether the offense is part of a repetitive pattern of adjudicated offenses which would lead to the determination that a juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Though the trial court must consider all of the factors listed above, it is not required to give them equal weight. *Thompson v. State*, 330 Ark. 746, 958 S.W.2d 1 (1997); *Fleetwood v. State*, 329 Ark. 327, 947 S.W.2d 387 (1997); *Olgesby v. State*, 329 Ark. 127, 946 S.W.2d 693 (1997). A decision to try the juvenile as an adult must be supported by clear and convincing evidence. *Id.* We will

not reverse the trial court's decision in this regard unless it is clearly erroneous. *Id.*

In making his argument that the trial court erred in denying his motion to transfer his case to juvenile court, the appellant claims that, although the evidence demonstrated that he was in possession of a handgun, there was no evidence presented that anyone was injured by Brown or by him. However, no actual injury need occur if the offense is serious and violent. *Sanders v. State*, 326 Ark. 415, 932 S.W.2d 315 (1996). We have held that aggravated robbery is a serious and violent offense. *Booker v. State*, 324 Ark. 468, 922 S.W.2d 337 (1996).

Appellant further claims that he has completed a drug recovery program and has made A's and B's in training school, demonstrating that he is not beyond rehabilitation. His argument ignores the serious nature of the crime of aggravated robbery, and the evidence of the use of violence in the commission of this offense. Given the presence of these two factors, we have often declined to hold that a trial court was clearly erroneous in denying transfer. *See Toliver v. State*, 330 Ark. 488, 953 S.W.2d 887 (1997)(collecting cases). Detective Norman's testimony demonstrated that appellant participated in a serious offense and that he held the victim at gunpoint. Moreover, Ms. Rhodes's testimony confirmed that the appellant had a prior history of criminal acts, from which the trial court could have rightfully concluded that the appellant had participated in a repetitive pattern of adjudicated offenses showing that he was beyond rehabilitation. Finally, the appellant is now almost nineteen years of age. We have repeatedly held that young people over the age of eighteen can no longer be committed to the Division of Youth Services (DYS) for rehabilitation unless they are already committed at the time they turn eighteen. Rhodes had not been committed to DYS. *See Brown v. State, supra; Maddox v. State*, 326 Ark. 515, 931 S.W.2d 438 (1996); Ark. Code Ann. § 9-28-208(d) (Supp. 1995). For all of the foregoing reasons, we conclude that the trial court's decision to deny appellant's motion to transfer his charges to juvenile court was supported by clear and convincing evidence.

Affirmed.