Joshua M. HEAGERTY *v.* STATE of Arkansas

CA 97-1331                                          971 S.W.2d 793

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered June 24, 1998

*Hubert W. Alexander*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Joshua M. Heagerty appeals from the denial of his motion to transfer six narcotic-related charges from Lonoke County Circuit Court to Lonoke County Chancery Court, Juvenile Division. On appeal, he argues that the circuit court erred in refusing to transfer his case to juvenile court. We reverse.

In May of 1997, Heagerty was charged by information with two counts of delivery of cocaine and four counts of delivery of marijuana. The offenses allegedly occurred during a one-month period between August 24 and September 24, 1996. On June 3, 1997, Heagerty moved to have his case transferred to juvenile court. A hearing on this motion was conducted on July 8, 1997, less than a week before Heagerty's eighteenth birthday.

At the hearing, undercover narcotics officer Jason Young testified that he made the first drug buy in August of 1996, shortly after Heagerty had turned seventeen. However, he claimed that charges were not filed for nine months to protect his identity in an on-going investigation. Officer Young testified that the four narcotics buys that he was personally involved with took place on the Cabot High School parking lot.

Heagerty also called his mother, Sheila Heagerty, to testify. Mrs. Heagerty had been a teacher in the Cabot middle school for twenty-one years. She stated that her son had always been a good student until she and her ex-husband got a divorce. She stated that the divorce "really had a big effect on Joshua," that he quit basketball and other sports, his grades went down, and that she "kind of [lost] him" for several months in the fall of 1996. Mrs. Heagerty stated, however, that after she took her son's truck from him and sent him to a short-term drug treatment facility called Recovery Way in March of 1997, his grades returned to A's and B's and that she had no further problems with him. Ms. Heagerty further testified that Joshua had graduated from high school, was going to recovery meetings, attending church, working for a land-scaping service, and was enrolled for the fall semester at Arkansas State University in Jonesboro.

The circuit judge denied the motion to transfer. In his ruling from the bench, the judge stated that the six narcotics buys showed a "repetitive pattern," and apparently based his ruling on that finding.

Heagerty argues that the trial court erred when it denied the motion to transfer charges from circuit court to chancery court, juvenile division. He contends that the circuit court erred in refusing to transfer his case to juvenile court because he met his burden of proof under Ark. Code Ann. § 9-27-318(e) (Supp. 1997), and because the State failed to show by clear and convincing evidence that he should be tried as an adult. He asserts that his mother's testimony that he was a good child, did well in school, only got into trouble during a brief period when he was affected by his parents' divorce, and became a "model citizen" after short-term, in-patient treatment at Recovery Way proved that he was an excellent candidate for rehabilitation. He argues that conversely, the State presented no evidence regarding any of the statutory factors except the seriousness of the offense, and did not meet its burden of proof. He contends that he had no prior convictions, and his only previous experience with the criminal justice system was pursuant to a juvenile charge of possession, which was dismissed. Heagerty also urges this court to find his case analogous to *Blevins v. State*, 308 Ark. 613, 826 S.W.2d 265 (1992), where

the supreme court reversed a decision refusing transfer for a sixteen-year-old who had no prior felony record, attended school, made passing grades, was not a problem at home, and employed no violence in the commission of the charged offense, possession of a controlled substance with intent to deliver, involving possession of fifteen rocks of crack cocaine. His argument has merit.

■ ■ Pursuant to Ark. Code Ann. § 9-27-318(e), a circuit court's decision to retain jurisdiction of criminal charges against a juvenile must be supported by clear and convincing evidence. Ark. Code Ann. § 9-27-318(f); *Thompson v. State*, 330 Ark. 746, 958 S.W.2d 1 (1997). Clear and convincing evidence is that degree of proof that will produce in the trier of fact a firm conviction as to the allegation sought to be established. *Wright v. State*, 331 Ark. 173, 959 S.W.2d 50 (1998). When reviewing the denial of a motion to transfer to juvenile court, the appellate court views the evidence in the light most favorable to the State. *Id.* The circuit court's decision to retain jurisdiction should not be reversed unless the decision is clearly erroneous. *Id.*

■ When deciding whether to retain jurisdiction of or to transfer a case to juvenile court, the factors that the circuit court must consider are:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
>
> (2) *Whether the offense is part of a repetitive pattern of adjudicated offenses* which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and
>
> (3) The prior history, character traits, mental maturity, or any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318(e). (Emphasis added.) A circuit court does not have to give equal weight to each factor, nor does evidence have to be presented as to each factor. *Wright v. State*, *supra*.

Here, we find from the trial judge's comments from the bench when making his ruling that he misapplied the law in deny-

ing Heagerty's motion to transfer. The trial judge simply stated that "six buys shows a repetitive pattern." This finding obviously referred to Ark. Code Ann. § 9-27-318(e)(2), which allows a trial judge to consider recidivism on the part of a juvenile previously committed to the juvenile justice system in his decision of whether to try him or her as an adult.

■ ■ The plain language of the statute, however, does not allow mere nonadjudicated charges, no matter how numerous, in and of themselves to be proof of recidivism. *Id.* Moreover, the subsection also specifies what will constitute competent evidence for deciding to apply this factor to deny transfer, i.e., "past efforts to treat and rehabilitate the juvenile and response to such efforts." *Id.* The statute necessarily presupposes prior adjudications in the juvenile justice system, and the supreme court has held that "one prior adjudication and attempted rehabilitation does not a repetitive pattern make." *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997). Juvenile delinquency laws are penal in nature, *Walker v. Arkansas Dep't of Human Servs.*, 291 Ark. 43, 722 S.W.2d 558 (1987), and it is well settled that statutes that are penal in nature are to be strictly construed. *Beebe v. State*, 298 Ark. 119, 765 S.W.2d 943 (1989); *Burnett v. State*, 51 Ark. App. 144, 912 S.W.2d 441 (1995). We find that strictly construing the statute leads to the inevitable conclusion that the trial judge misapplied the law.

■ Furthermore, in the instant case, there is no evidence of a failed attempt at rehabilitation. The State adduced evidence only as to the seriousness of the offenses and conceded that there was no violence involved. It did not present evidence that could support a conclusion that Heagerty is beyond rehabilitation, nor did it present evidence of his prior history, character traits, mental maturity, or any other factor which would sustain a finding regarding his prospects for rehabilitation. Conversely, Heagerty presented clear evidence that he was on the road to rehabilitation even before the charges had been filed against him.

Finally, *Blevins v. State, supra,* is clearly analogous; both *Blevins* and the instant case involved serious drug offenses and no use of violence. Moreover, Heagerty, like the juvenile in *Blevins*, has no prior record of juvenile adjudication. Also like the juvenile in *Blevins*, Heagerty presented evidence that he was making good

grades in school and his mother testified that he was not a discipline problem at home. The instant case is only distinguishable from *Blevins* in the number of narcotics-related offenses that Heagerty was charged with and the fact that Heagerty was one year older than the juvenile in *Blevins* at the time that the offense was committed and when he moved to transfer. In *Blevins*, the supreme court held that, under the circumstances, the seriousness of the offense alone did not outweigh the evidence on the other factors proven by Blevins at the hearing, and that the trial court was clearly erroneous in refusing to transfer the case.

We are not unmindful of the supreme court's holding some nine months later in *Hogan v. State*, 311 Ark. 262, 843 S.W.2d 830 (1992), a case also involving facts strikingly similar to Heagerty's case. Hogan, like Heagerty, had been charged with multiple counts of delivery of marijuana and cocaine, possessed cocaine on school premises, had no prior record, was doing well in school and planned to attend college.

However, Hogan's age proved a crucial factor in the court's decision to affirm the denial of transfer. Hogan was one month short of his eighteenth birthday when he was arrested and was eighteen when his motion to transfer was filed. Quoting from *Bright v. State*, 307 Ark. 250, 819 S.W.2d 7 (1991), the court said:

> the appellant was seventeen years and seven months old at the time of the crimes, and has now reached his 18th birthday. A person who has reached his 18th birthday cannot be committed to a youth services center. Ark. Code Ann. § 9-27-331(a)(1) and 9-28-209(a)(1) (Supp. 1991).

311 Ark. At 254, 843 S.W.2d at 831.

■ Heagerty's crimes were committed shortly after his seventeenth birthday, and although charges were not filed for nine months, he was seventeen at the time of his transfer hearing. Indeed, in recent cases, the supreme court has stated that it is permissible to consider a defendant's age in evaluating the availability of proper rehabilitative services. *Oglesby v. State*, 329 Ark. 127, 946 S.W.2d 693 (1997); *Smith v. State*, 328 Ark. 736, 946 S.W.2d 667 (1997). Furthermore, we acknowledge that the State is precluded by statute from committing Heagerty to a juvenile deten-

tion facility because he has now reached his eighteenth birthday. Ark. Code Ann. § 9-28-209 (Supp. 1995).

However, commitment to a "youth services center," or boys training school, is not the only option available to the juvenile court when an adjudication of delinquency is made. *See* Ark. Code Ann. § 9-27-330 (Supp. 1995). More importantly, since *Hogan* was decided in 1992, the legislature in 1995 greatly expanded the dispositions available to the juvenile court upon a finding of delinquency, from eight to fifteen. *Id.* The fifteen alternative dispositions available are listed in Ark. Code Ann. § 9-27-330, and include probation, fines, voluntary community service, suspension of driving privileges, and residential detention with electronic monitoring. In addition, the juvenile court may retain jurisdiction over the juvenile until he or she reaches twenty-one years of age. Ark. Code Ann. § 9-27-303 (Supp. 1995).

We are not unmindful of the supreme court decisions handed down since the legislature expanded the dispositions available to juvenile court, in which it affirmed a trial court at least in part because the juvenile involved was near or over the age of eighteen.[1] In all of these cases, however, the supreme court found that the prospect for rehabilitation in the juvenile system was nil. In the instant case, the uncontroverted evidence that Heagerty had made excellent progress toward rehabilitation without commitment to the Department of Youth Services can lead us to no other conclusion that his prospects for rehabilitation through one of the alternative dispositions are good. Consequently, the stated rationale for denying transfer to a person near or over the age of eighteen has absolutely no application under these circumstances.

---

[1] *Jones v. State*, 332 Ark. 617, 967 S.W.2d 559 (1998); *Rhodes v. State*, 332 Ark. 516, 967 S.W.2d 550 (1998); *Wright v. State*, 331 Ark. 173, 959 S.W.2d 50 (1998); *Brown v. State*, 330 Ark. 518, 954 S.W.2d 276 (1997); *Majesty v. State*, 330 Ark. 416, 954 S.W.2d 245 (1997); *Rice v. State*, 330 Ark. 257, 954 S.W.2d 216 (1997); *Fleetwood v. State*, 329 Ark. 327, 947 S.W.2d 387 (1997); *Oglesby v. State*, 329 Ark. 127, 946 S.W.2d 693 (1997); *Smith v. State*, 328 Ark. 736, 946 S.W.2d 667 (1997); *Jensen v. State*, 328 Ark. 349, 944 S.W.2d 820 (1997); *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997); *Jones v. State*, 326 Ark. 681, 933 S.W.2d 387 (1996); *Maddox v. State*, 326 Ark. 515, 931 S.W.2d 438 (1996); *Sanders v. State*, 326 Ark. 415, 932 S.W.2d 315 (1996); *Brooks v. State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Macon v. State*, 323 Ark. 498, 915 S.W.2d 273 (1996); *Hansen v. State*, 323 Ark. 407, 914 S.W.2d 737 (1996); *McGauchy v. State*, 321 Ark. 537, 906 S.W.2d 671 (1995).

■ For the foregoing reasons, we conclude that the trial court was clearly erroneous in denying the motion to transfer. Clearly erroneous means that although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Noland v. Noland*, 330 Ark. 660, 956 S.W.2d 173 (1997). We are left with such a definite and firm conviction in this instance. Accordingly, we reverse and remand to the trial court for proceedings consistent with this opinion.

Reversed and remanded.

STROUD, CRABTREE, and NEAL, JJ., agree.

MEADS and GRIFFEN, JJ., dissent.

MARGARET MEADS, Judge, dissenting. I disagree that the trial judge misapplied the law in denying appellant's motion to transfer. As stated by the majority, Ark. Code Ann. § 9-27-318(e) (Repl. 1998) requires the trial court to consider specific factors in deciding whether to transfer a case to juvenile court, but evidence does not have to be presented regarding each factor, *Booker v. State*, 324 Ark. 468, 922 S.W.2d 337 (1996), nor must equal weight be given to each factor. *Wright v. State*, 331 Ark. 173, 959 S.W.2d 50 (1998).

Although the trial judge mentioned only that "six buys shows a repetitive pattern" when he announced his ruling, clearly other evidence had been presented which impacted his decision. Appellant was seventeen years old at the time of the alleged offenses; on the date of the hearing, he was six days away from his eighteenth birthday. Appellant had been charged with six separate counts of delivery of a controlled substance, most of which occurred on a high school campus. An informant had alerted the drug task force about appellant's drug trafficking before an undercover agent made the first buy from appellant. Upon his arrest, appellant was interviewed by the police and given an opportunity to cooperate, but he refused to do so. Appellant's mother testified, "I lost him the last half of his junior year in high school." His grades fell and he quit sports. There had been other drug charges but no convictions or adjudications. According to his mother, after the present charges were filed, appellant has been "very

good," has a full-time job, attends recovery meetings, goes to church, and has matured a lot.

Our supreme court has ruled that drug offenses are serious crimes, *McClure v. State*, 328 Ark. 35, 942 S.W.2d 243 (1997); *Hogan v. State*, 311 Ark. 262, 843 S.W.2d 830 (1992), and that age of the offender is a permissible factor to evaluate when determining whether transfer is proper. *Oglesby v. State*, 329 Ark. 127, 946 S.W.2d 693 (1997); *Smith v. State*, 328 Ark. 736, 946 S.W.2d 667 (1997). Moreover, we must recognize that once a juvenile has turned age eighteen, his prospects for rehabilitation within the Division of Youth Services are "nonexistent." *See Majesty v. State*, 330 Ark. 416, 954 S.W.2d 245 (1997); *Rice v. State*, 330 Ark. 257, 954 S.W.2d 216 (1997).

The majority's preference for leniency in this instance, in light of the disposition alternatives provided in Ark. Code Ann. § 9-27-330 and this appellant's "excellent progress toward rehabilitation," does not compel me to ignore our supreme court's clear direction in juvenile transfer cases. Both appellant's age and the trafficking of marijuana and cocaine on a high school campus are factors that have weighed heavily in past decisions, *see, e.g., Rice v. State*, 330 Ark. 257, 260, 954 S.W.2d 216, 218 (1997); *Majesty v. State*, 330 Ark. 416, 419, 954 S.W.2d 245, 246 (1997); *McClure v. State*, 328 Ark. 35, 40, 942 S.W.2d 243, 246 (1997); *Jensen v. State*, 328 Ark. 349, 353-54, 944 S.W.2d 820, 822 (1997); *Maddox v. State*, 326 Ark. 515, 520, 931 S.W.2d 438, 441 (1996); *Hogan v. State*, 311 Ark. 262, 264, 843 S.W.2d 830, 831 (1992), and should weigh heavily in this one as well. There was clear and convincing evidence before the trial court that this appellant should be tried as an adult, *Booker v. State, supra*, and I cannot say that the denial of appellant's motion to transfer was clearly erroneous. We do not reverse a judgment because a trial judge uses the wrong reason to reach the right result. *Summers v. State*, 292 Ark. 237, 729 S.W.2d 147 (1987).

I would affirm.

GRIFFEN, J., joins.